■ In the Matter of LOUISE L. JOHNSON, as Administratrix of the Estate of LAWRENCE W. BAILEY, Deceased, Respondent, v ETHEL F. SHARPE, Also Known as ETHEL F. SHARP, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered May 17, 1977 in Albany County, which, following reargument, adhered to its prior decision and order granting summary judgment to petitioner. Lawrence W. Bailey died intestate on September 28, 1974 as a result of an accident. At the time of his death, he was employed by Penn Central Railroad Corp., and he was insured under a

group insurance policy issued by Travelers Insurance Company. The said policy did not name a designated beneficiary. Louise L. Johnson, the decedent's natural mother, was appointed administratrix of decedent's estate and, as such, she claimed the proceeds of the said policy. Ethel F. Sharpe also claimed the proceeds of the policy. Decedent had lived with Mrs. Sharpe and her husband as foster parents, for which the Sharpes were compensated by the Albany County Social Services Department. Decedent had not lived with the Sharpes for several years. As a result of the diverse claims to the proceeds of the policy, Travelers instituted an interpleader action and was discharged as a stakeholder by order of Supreme Court. Louise L. Johnson then moved for an order directing payment of the proceeds of the policy to her as administratrix of the decedent's estate. Special Term treated the motion as one for summary judgment and granted the motion directing payment of the insurance proceeds to Mrs. Johnson. The only affidavit submitted in opposition to the motion for summary judgment was that of appellant's attorney, who could not have any personal knowledge of the facts. Further, not even a semblance of evidentiary facts was submitted by appellant in opposition to the original motion. Special Term noted that the additional proof submitted on the motion for renewal and reargument was a report of a telephone conversation with a Mr. Lyons who stated that the deceased told him that he wanted to name appellant and her husband as beneficiaries rather than petitioner. The court found that "such evidence indicates at best that the deceased insured intended to designate the [appellant] or her husband as the beneficiaries of the subject life insurance, but it does not tend to show that he ever acted upon that intention." The affidavit of an attorney who has no personal knowledge of the facts has no probative value and must be disregarded *(Chickering v Colonial Life Ins. of Amer.,* 51 AD2d 566; *Israelson v Rubin,* 20 AD2d 668). A burden rests upon the party opposing a motion for summary judgment to put forth evidentiary facts which present a triable issue of fact *(Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338), and bald conclusory allegations are not enough to defeat summary judgment. Appellant has failed to present any triable issues of fact, and summary jugment was properly granted. Order affirmed, without costs. Sweeney, J. P., Kane, Staley, Jr., Main and Mikoll, JJ., concur.