■ MARINE MIDLAND BANK, Appellant, v AUDREY G. HALL et al., Respondents.—Order unanimously reversed, with costs, and motion denied. Memorandum: Special Term improperly vacated its prior order granting partial summary judgment against defendants on their unconditional and absolute guarantee. In his answering affidavit in response to the motion for summary judgment defendant Edwin J. Hall raised issues pertaining only to the amount of the balance due and to the bank's improper handling of the security. No affidavit from defendant Audrey G. Hall was submitted. The order granting summary judgment was dated March 1, 1977. The motion to vacate the order of summary judgment was based on an affidavit of defendants' attorney, dated August 8, 1977, made upon information obtained from his clients, setting forth in conclusory and general terms defenses of fraud and duress. To defeat summary judgment one must disclose in evidentiary form the evidence on which he relies. " 'Bald conclusory assertions, even if believable, are not enough [to defeat summary judgment]' " *(Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338, 342, quoting *Erlich v American Moninger Greenhouse Mfg. Corp.,* 26 NY2d 255, 259; see, also, *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 290; *Indig v Finklestein,* 23 NY2d 728). The affidavit of an attorney having no personal knowledge of the facts has no probative value and should be disregarded *(Matter of Johnson v Sharpe,* 66 AD2d 955; *Starbo v Ruddy,* 66 AD2d 950). Thus, the affidavit of defendants' attorney raised no factual issue that would warrant denial of the motion. Furthermore, there was no valid basis for vacating the order under either paragraph 2 or 3 of CPLR 5015 (subd [a]). There was no "newly-discovered" evidence presented (see CPLR 5015, subd [a], par 2)—only the hearsay conclusions of the attorney. Moreover, if, as defendants claim, there were facts giving rise to fraud or duress in the execution of the guarantee, such facts would have been known to defendants at the time they answered the complaint and filed their answering affidavit in opposition to the motion for summary judgment. Finally, allegations of fraud or duress as defenses to the merits of the underlying

action do not bring into play the provisions of CPLR 5015 (subd [a], par 3) which pertain to fraud "practiced in the very act of obtaining the judgment." *(Matter of Holden,* 271 NY 212, 218.) (Appeal from order of Erie Supreme Court—vacate order.) Present—Cardamone, J. P., Simons, Hancock, Jr., Schnepp and Witmer, JJ.