◼ JOHNS-MANVILLE SALES CORPORATION, Appellant, v STATE UNIVERSITY CONSTRUCTION FUND et al., Defendants. BASKIN & SEARS, Respondent.—Appeal from an order of the Supreme Court at Special Term, entered April 9, 1980 in Albany County, which granted the motion of Baskin & Sears to withdraw as counsel. The underlying action is one to recover damages in relation to a construction contract entered into between plaintiff and defendant State University Construction Fund. The former engaged the law firm of Fisher, Axenfeld & Bersani to represent it in this litigation in January, 1977. A successor law firm was dissolved and the two lawyers actually handling the case joined the multicity law firm of respondent Baskin & Sears on January 1, 1979. Plaintiff then agreed to retain the respondent to continue the litigation. It thereafter developed that a partner of the new firm was involved in many product liability cases in which Johns-Manville, the parent corporation of plaintiff, was a party defendant prior to plaintiff's retaining respondent's firm. One action, entitled *Abrams v Johns-Manville Corporation,* was filed in May, 1979. The record also reveals that plaintiff thereafter engaged respondent to represent it in another construction claim matter. After becoming aware of the dual representation, respondent made a full disclosure to plaintiff. Subsequent efforts by respondent to have plaintiff consent to simultaneous representation by them or permit them to withdraw from the instant litigation were unsuccessful. Johns-Manville sought an order to disqualify respondent as counsel in the *Abrams* case. The present motion was then brought by respondent seeking an order permitting them to withdraw as counsel in the instant action. Special Term granted the motion and stated, *inter alia,* that no "meaningful hardship" would be placed on plaintiff by the withdrawal. This appeal ensued. Initially, we point out that the

problems involved here were created by the acts of respondent and not plaintiff and their significance is the same even if innocently created. The circumstances in which the parties find themselves indicate a possible conflict of interest on the part of the respondent law firm. An attorney-client relationship is a unique one, the foundation of which, on the part of the attorney, is the undivided loyalty and devotion to the interests of the client. It is well established that a client may at any time and for any reason under reasonable conditions discharge an attorney *(Rogers & Haggerty v Island Dock Lbr.,* 29 AD2d 706). On the other hand, an attorney may not terminate the relationship except for good and sufficient cause *(Matter of Dunn,* 205 NY 398, 403). A resolution of the present controversy, therefore, narrows to whether respondent has demonstrated good and sufficient cause to withdraw from the litigation. We deem it necessary to emphasize that we are here concerned only with the withdrawal by respondent from the instant lawsuit and not others in which the parties are involved. Considering the record in its entirety, we are of the view that respondent has not demonstrated good and sufficient cause to withdraw from this case. While plaintiff refused to consent to respondent's simultaneous representation or withdrawal from the lawsuit, such does not constitute good cause. Furthermore, there is a lack of evidence that plaintiff refused to co-operate with respondent in the prosecution of this lawsuit. Finally, we note that there is no authority for Special Term's placing on plaintiff the burden of demonstrating "meaningful hardship". There must be a reversal. Order reversed, on the law and the facts, with costs, and motion by respondent denied. Mahoney, P. J., Sweeney, Kane and Casey, JJ., concur.

Herlihy, J., concurs in a separate memorandum. Herlihy, J. (concurring). While I agree with the result obtained herein, I do so for a different and more limited reason. If the action came here in a different posture, I would be inclined to find that the respondent law firm had shown good and sufficient reason to withdraw as attorneys for plaintiff. My concurrence is based upon the following circumstances: The plaintiff has paid the respondent attorneys over $6,000 and it appears undisputed that the proceeding has reached the point where a meaningful settlement is at hand and the relationship between the parties will soon terminate as to this action. Under these circumstances, the plaintiff should not be put in the position of having to retain new counsel at additional expense and possible delay in disposing of the litigation. I do not find *Matter of Dunn* (205 NY 398) controlling.