■ BAKER'S SERVICE et al., Appellants, v THOMAS A. ROBINSON, Individually and as a Partner in the Law Firm of ROBINSON, LEWIS AND BELL, Respondent.

— Appeal from an order of the Supreme Court at Special Term (Soden, J.), entered July 31, 1980 in Franklin County, which granted summary judgment in favor of defendant dismissing the complaint. This action was commenced to recover damages for the alleged malpractice of defendant Robinson in his capacity as attorney for plaintiffs who were sued in 14 separate lawsuits to recover property damage sustained in a fire in a garage. Robinson was retained to defend plaintiffs against recovery in excess of their insurance coverage. Verdicts against plaintiffs exceeded their insurance policy limits by $90,000 which plaintiffs paid and now seek to recover from Robinson and his codefendants who were partners in his law firm. Robinson moved for summary judgment dismissing the complaint on the ground the action was time barred. Special Term rejected plaintiffs' argument that a continuing attorney-client relationship existed after the date Robinson last performed any legal services, and held that no question of fact thereon was presented. This appeal from the order granting summary judgment to defendant ensued. Plaintiffs urge that two issues exist, i.e., whether the attorney-client relationship continued beyond the time demonstrated by Robinson to be the date he last performed services, and whether plaintiffs, in opposing the motion, sustained their burden of demonstrating evidence of the existence of triable issues of fact. This court recently held " '[w]here the moving party has demonstrated its entitlement to summary judgment, the party opposing the motion must demonstrate by admissible evidence the existence of a factual issue requiring a trial of the action or tender an acceptable excuse for his failure to do so, and the submission of a hearsay affirmation by counsel alone does not satisfy the requirement' " (*R. C. S. Farmers Markets Corp. v Great Amer. Ins. Co.,* 82 AD2d 1000, quoting *Zuckerman v City of New York,* 49 NY2d 557, 560). Because summary judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of a triable issue (*Moskowitz v Garlock,* 23 AD2d 943, 944), evidentiary facts not based on conclusory or irrelevant allegations will suffice to defeat the motion (*Rotuba Extruders v Ceppos,* 46 NY2d 223, 231; *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 290). A cause of action in malpractice generally accrues at the time of injury (*Schwartz v Heyden Newport Chem. Corp.,* 12 NY2d 212; *Conklin v Draper,* 229 App Div 227, affd 254 NY 620). An exception to this rule is the "continuous treatment" theory which extends the accrual of a cause of action in medical malpractice (CPLR 214-a; *Borgia v City of New York,* 12 NY2d 151; *McDermott v Torre,* 82 AD2d 152). This exception has been extended to other areas of professional malpractice where the professional's involvement after the alleged malpractice is for the performance of the same or related services and is not merely continuity of a general professional relationship (*Naetzker v Brocton Cent. School Dist.,* 50 AD2d 142, 148, revd on other grounds 41 NY2d 929; see, also, 1 Weinstein-Korn-Miller, NY Civ Prac, par 214.22a, 1980, Supplement, p 69). When applied to attorney malpractice, the accrual date of the cause of action is fixed when the attorney-client relationship ceases (*Gilbert Props. v Millstein,* 33 NY2d 857; *Siegel v Kranis,* 29 AD2d 477). Clearly then, "the statute runs from the time of the alleged malpractice unless an attorney continues to represent the client concerning the matter out of which the claim arises. In such case the statute begins to run from the date when the attorney's representation ends and not from the date of the alleged malpractice" (*Muller v Sturman,* 79 AD2d 482, 487). Plaintiffs' opposition is inadequate to defeat the motion. "The affidavit of an attorney who has no personal knowledge of the facts has no probative value and must be disregarded" (*Matter of Johnson v Sharpe,* 66 AD2d 955, 956). We are thus left with the affidavit of plaintiff Lavigne who relies upon the listing of Robinson's law

firm as attorney of record in the decision of this court upon plaintiffs' appeal from the judgment against them in the underlying lawsuit (see *Bailey v Baker's Air Force Gas Corp.*, 50 AD2d 129, 131). However, Robinson avers that neither he nor his firm were retained or participated in any manner whatsoever in that appeal, and that plaintiffs' insurance company's attorneys prosecuted the appeal in its entirety. Neither facts nor evidence has been offered to demonstrate that Robinson was in any manner connected with such appeal, or was engaged in any service of a continuous nature. Hard evidence or sufficient averments are conspicuous by their absence. While defendant could not unilaterally terminate an attorney-client relationship simply by failing to perform services expressly or impliedly authorized by his clients (see *Matter of Dunn*, 205 NY 398; *Johns-Manville Sales Corp. v State Univ. Constr. Fund*, 79 AD2d 782), that relationship does not continue indefinitely simply because there has been no formal termination (*Muller v Sturman*, 79 AD2d 482, *supra*). In sum, we find that plaintiffs have failed to sustain the burden placed upon a party opposing a motion for summary judgment to put forth evidentiary facts which present a triable issue of fact (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231, *supra*; *Capelin Assoc. v Globe Mfg. Corp.*, 34 NY2d 338; *Muller v Sturman*, 79 AD2d 482, *supra*; *Matter of Johnson v Sharpe*, 66 AD2d 955, *supra*). Order affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.