■ MARCIA BRADT, Individually and as Administratrix of the Estate of PETER BRADT, Deceased, Respondent, v JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Doran, J.), entered February 25, 1983 in Fulton County, which denied defendants' motions for summary judgment dismissing the complaint. The complaint in the underlying lawsuit seeks recovery of damages on six causes of action, each of which alleges that defendants were negligent in the processing of an application for a policy of insurance containing double indemnity benefits for accidental death upon the life of plaintiff's intestate. Defendant Shirley Standhart was an agent for defendant John Hancock Mutual Life Insurance Company and, on January 10, 1980, prepared an application for a $75,000 face value retirement income to age 65 policy on the life of Peter Bradt, then age 23. A medical examination was conducted on January 17, 1980. Neither payment of premium was tendered nor was a policy issued by February 1, 1980, on which date Bradt lost his life as the result of an automobile accident. Plaintiff, the widow of decedent, sued for both the policy's face value of $75,000 and an accidental death benefit of $100,000, claiming that defendant Standhart agreed to have defendant John Hancock issue a policy identical to a policy previously issued to Peter Bradt by that insurance cómpany. She further claimed that the agent was negligent in both failing to pick up the premium payment from decedent's employer and in failing to promptly forward the application to John Hancock. Plaintiff also asserted that the carrier was liable for the negligence of its agent, as well as for employing an incompetent and untrained agent. Special Term denied defendants' separate motions for summary judgment dismissing the complaint, giving rise to this appeal. Initially, it should be emphasized that the drastic relief of summary judgment, which denies a litigant a day in court, will not be granted if there is any significant doubt whether a triable issue of fact exists (*Phillips v Kantor & Co.,* 31 NY2d 307, 311). The making of a motion for summary judgment triggers the requirement that an opposing party come forward with proof in evidentiary form to demonstrate the existence of a triable issue of fact (*Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338, 342). In this process, conclusory affidavits, even if believable, are insufficient to defeat the motion

(*Ehrlich v American Moninger Greenhouse Mfg. Corp.*, 26 NY2d 255, 259). In the absence of a bona fide showing of evidentiary facts requiring a trial, summary judgment must be granted (*Alvord & Swift v Muller Constr. Co.*, 46 NY2d 276; *Rotuba Extruders v Ceppos*, 46 NY2d 223, 231). With these principles in mind, examination of the record discloses that plaintiff has failed to meet the requirement imposed upon her to demonstrate the existence of a genuine and material issue of fact. Defendant Standhart's motion is predicated upon proof in documentary form, i.e., the application for insurance, the pleadings and the transcripts of examinations before trial. This proof shows that accidental death benefits were never included in the application for insurance and that the premium for the policy was never paid. Therefore, plaintiff would have no cause of action in contract. With respect to the causes of action based upon negligence, we find the opposing papers consist only of affidavits by plaintiff's attorney and decedent's father, Paul Bradt. With respect to the former, it is now well established that the affidavit of an attorney with no personal knowledge of the facts involved has no probative value and should be disregarded (*Zuckerman v City of New York*, 49 NY2d 557, 563; *Matter of Johnson v Sharpe*, 66 AD2d 955, 956). Here, no basis exists to find that the attorney had personal knowledge of the facts; rather, at best, everything he knew was predicated upon hearsay rendering his affirmation probatively valueless (see *Amsterdam Mem. Hosp. v Bardascino*, 84 AD2d 590). While an attorney's affidavit or affirmation, even if made without personal knowledge, may serve as the vehicle for the submission of acceptable attachments which do provide evidentiary proof in acceptable form (*Zuckerman v City of New York, supra*, p 563), nothing more than bald assertions and conclusory statements are contained in the affirmation herein. There is both a failure to tender evidentiary proof in admissible form and no offer of excuse for such failure. Accordingly, the attorney's affirmation was of no value in opposing the motions. Examination of Paul Bradt's opposing affidavit discloses that it was also insufficient to defeat the motions. Allegations that contradictions exist in defendant Standhart's testimony during her examination before trial have no evidentiary value. Bradt does not allege that he ordered the subject life insurance policy or that he was present when the application was made or subsequent thereto. Nor has he demonstrated in evidentiary form that a check in payment of the initial premium was presented to the agent, made available to her, or even drawn. Whether decedent had authority to sign company checks is not an issue since no such check was ever prepared. In sum, Bradt's affidavit is wholly lacking in content to establish triable issues of fact sufficient to defeat the motions. While summary judgment deprives a litigant of his day in court and is considered a drastic remedy to be applied only when no doubt exists as to the absence of triable issues of fact (*Andre v Pomeroy*, 35 NY2d 361, 364), we conclude that Special Term erred in finding that plaintiff had, through proof in evidentiary form, demonstrated the existence of triable issues of fact sufficient to defeat the motions (*Bethlehem Steel Corp. v Solow*, 51 NY2d 870, 872). Order reversed, on the law, without costs, motions granted, and complaint and cross claim dismissed. Sweeney, J. P., Kane, Casey, Mikoll and Weiss, JJ., concur.