■ ROSE SPIELVOGEL, Respondent, v MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., et al., Appellants.—Order, Supreme Court, New York County (David Edwards, Jr., J.), entered November 25, 1985, which denied defendants' motions for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs or disbursements, and the motions granted.

This is an action for the recovery of damages for personal injuries suffered on January 5, 1982 by the then 37-year-old plaintiff, Rose Spielvogel, when she was felled by a wind gust while walking on the open plaza area surrounding the building known as One Liberty Plaza, located in the Borough of Manhattan. Plaintiff contends that the cause of her injury was a "treacherous and humanly unmanageable wind tunnel" which allegedly existed at One Liberty Plaza since the building's construction in 1971. Plaintiff seeks to hold a number of entities, seven in all—architects, designers, owners, operators and even lessees—liable because of their relationship, at one time or another, with One Liberty Plaza or its neighbor, the World Trade Center. Plaintiff contends that these buildings were "so constructed and physically placed on the land" so as to create the wind-tunnel condition of which she complains. After joinder of issue and extensive discovery, defendants, separately or by cross motion, moved for summary judgment dismissing the complaint. Special Term denied the motions, finding the issue of negligence to turn on "crucial questions [of] foreseeability, control and notice of the alleged dangerous condition". Since plaintiff's opposing papers are totally devoid of any evidence to support her allegation of a design or construction defect with respect to the building at One Liberty Plaza on the issue of proximate cause, we reverse, grant the motions and dismiss the complaint.

One Liberty Plaza is a 54-story commercial office building which was designed and constructed in strict compliance with New York City building codes and zoning regulations, the

architectural design plans having been approved by the Department of Buildings on October 2, 1969. Conventional in size and its rectangular shape, the building was, as already noted, completed in 1971 and has been in operation since that date. It contains in excess of 2,000,000 square feet of rentable space. Approximately 15,000 persons work in the building on a daily basis. As a result of its proximity to the World Trade Center, thousands of additional persons daily use the building and its plaza area. Despite such intensive and prolonged use, not a single similar incident involving a wind condition, other than the one involved here, has ever been reported to the building's managing agent or the New York City Police Department. According to Weather Bureau records, a 28-miles-per-hour northwesterly wind with gusts of up to 38 miles per hour was blowing at the time of the accident.

To defeat a motion for summary judgment, the opposing party must submit affirmative proof demonstrating the existence of genuine, triable issues of fact. *(Ferber v Sterndent Corp.,* 51 NY2d 782; *Corcoran Group v Morris,* 107 AD2d 622, *affd* 64 NY2d 1034; *Bradt v John Hancock Mut. Life Ins. Co.,* 98 AD2d 886.) Mere conclusions or unsubstantiated allegations will not suffice. *(Zuckerman v City of New York,* 49 NY2d 557, 562; *Corcoran Group v Morris, supra; State Bank v McAuliffe,* 97 AD2d 607.) Plaintiff's papers are totally devoid of any affirmative proof to support her allegation that a design or construction defect in the building was the proximate cause of her injuries. Instead of submitting such proof, she relied upon unsubstantiated allegations of her counsel, who, without the requisite qualifications, fashioned a glossy "state-of-the-art" argument from which he attempts to suggest that defendants are guilty of malfeasance or misfeasance, and a number of irrelevant studies and magazine and newspaper articles having no probative value on the issue of whether One Liberty Plaza was constructed or designed so as to create a dangerous wind-tunnel condition in and around the area surrounding the building.

Plaintiff relies principally upon a March 1985 report entitled, "Winds Around the Base of Tall Buildings", written by Jack E. Cermak, President of Cermak/Peterka and Associates, Inc., wind engineering consultants. Significantly, however, nowhere within this report is there any reference to the One Liberty Plaza building, much less the assertion of any design or construction defect which could have caused the turbulence that allegedly caused plaintiff to be thrown to the ground and to sustain injuries. Indeed, the report is totally devoid of any

facts from which an opinion reaching such a conclusion could be drawn. Counsel's rather fanciful argument that wind-tunnel testing should have been conducted during the design phase to determine whether the building's conventional rectangular configuration would create the kind of turbulence which would have an adverse effect on pedestrian traffic within the plaza area is no substitute for proof of a specific design defect and does not create a triable issue. *(Bradt v John Hancock Mut. Life Ins. Co., supra,* 98 AD2d, at 887.) Even assuming, arguendo, that the "state of the art" of the mid-60's required such testing, the failure to do so is not, ipso facto, evidence of a design or construction defect.

The initial determination as to whether a plaintiff has introduced sufficient evidence to establish a prima facie case for presentation to the trier of the fact is for the court. "Only in those cases where there arises a real question as to the landowner's negligence should the jury be permitted to proceed. In all others, where proof of any essential element falls short, the case should go no further." *(Basso v Miller,* 40 NY2d 233, 242.) We need not analyze the respective duties and obligations, if any, of each of the various defendants with respect to this accident. Suffice to say, plaintiff has failed to demonstrate any evidence of the design or construction defect which is alleged to have created the dangerous condition that caused her injuries.

The complaint is dismissed. Concur—Kupferman, J. P., Sullivan, Kassal, Ellerin and Wallach, JJ.