■ BRIAN C. LEFFLER et al., Respondents, v GEORGE R. MILLS, Appellant. [729 NYS2d 196] —Crew III, J. Appeals (1) from an order of the Supreme Court (Kramer, J.), entered May 24, 2000 in Schenectady County, which, *inter alia*, granted plaintiffs' motion for summary judgment, and (2) from the judgment entered thereon.

In November 1993 plaintiffs, the heirs and beneficiaries named under the last will and testament of Sarah Leffler (here-

inafter decedent), enlisted the services of defendant to probate decedent's estate. Following resolution of the ensuing will contest, defendant timely paid the State estate taxes that were due and owing. With respect to the Federal estate taxes, defendant sought and obtained an extension giving the estate until January 1, 1995 to make the required payment. Defendant, however, did not pay the Federal taxes until November 6, 1995, prompting the Internal Revenue Service (hereinafter IRS) to assess interest and penalties in the amount of $158,853.33. Following an appeal, the sum due the IRS was reduced to $135,301.18.

In December 1996, plaintiff Frank Leffler, one of decedent's sons, allegedly discharged defendant as the attorney for the estate and, in December 1998, plaintiffs commenced the instant legal malpractice action. Defendant answered and asserted, *inter alia*, that the action was time barred. Plaintiffs moved for summary judgment and defendant cross-moved for similar relief. Supreme Court granted plaintiffs' motion and awarded damages in the amount of $135,310.16, together with statutory interest from December 11, 1995 (the date of the delinquency notice from the IRS), and denied defendant's cross motion. Defendant now appeals.

"A claim to recover damages for legal malpractice accrues when the malpractice is committed * * * and must be interposed within three years thereafter" (*Aaron v Roemer, Wallens & Mineaux*, 272 AD2d 752, 754, *lv dismissed* 96 NY2d 730 [citations omitted]). Here, defendant's malpractice occurred and plaintiffs' claim accrued when defendant failed to pay the Federal estate taxes due on January 1, 1995 (*see, Glamm v Allen*, 57 NY2d 87, 93). As plaintiffs did not commence this action until December 1998, their claim is time barred unless the Statute of Limitations was tolled by the continuous representation rule. To receive the benefit of such rule, however, "there must be 'clear indicia of an ongoing continuous, developing, and dependent relationship between the client and the attorney'" (*Aaron v Roemer, Wallens & Mineaux, supra*, at 754, quoting *Luk Lamellen U. Kupplungbau GmbH v Lerner*, 166 AD2d 505, 506; *see, Ruggiero v Powers*, 284 AD2d 593, 595).

Defendant does not appear to dispute that an ongoing attorney/client relationship existed until November 6, 1995, the date upon which he ultimately paid the Federal estate taxes due. The dispositive issue on appeal, however, is whether the record contains sufficient evidence to support the existence of such a relationship within three years of the commencement

of this action. Based upon our review of the record as a whole, we are of the view that a question of fact exists as to the issue of continuous representation and, as such, Supreme Court erred in granting plaintiffs' motion for summary judgment.

In support of plaintiffs' motion for summary judgment, Leffler averred that defendant and Arkley Mastro, Jr., an attorney who Leffler understood served as cocounsel to defendant, jointly prepared the December 1995 appeal to the IRS, that he spoke or attempted to speak with defendant on a weekly basis throughout 1996 and, more particularly, had a discussion with defendant in December 1996 regarding correspondence received from the IRS, that defendant assisted in preparing the interim estate accounting filed in January 1996 and, finally, that defendant prepared the Federal and State income tax returns for the estate filed in April 1996. Defendant, on the other hand, denied participating in the preparation of either the IRS appeal or the interim accounting. Indeed, defendant denied preparing or filing any document on behalf of decedent's estate after November 6, 1995. Defendant further averred that he did not have any recollection of speaking with Leffler in 1996 and had no record or recollection of receiving any communication from the IRS in December 1996. In fact, defendant stated that following the payment of the Federal estate taxes in November 1995, the estate was represented by Mastro with plaintiffs' full knowledge and consent and that he had no further involvement with decedent's estate.

The conflicting accounts of defendant's activities with respect to decedent's estate after November 6, 1995, particularly in the absence of an affidavit from Mastro clarifying his role in the preparation of the IRS appeal and interim accounting and/or evidence of the bills generated by or payments made to defendant, present a credibility issue that simply cannot be resolved on a motion for summary judgment. While it is true that defendant is listed as the attorney of record for decedent's estate on the interim accounting prepared in January 1996, this notation, standing alone, is insufficient to establish continuous representation as a matter of law (see, Baker's Serv. v Robinson, 85 AD2d 811, 812-813). We reach a similar conclusion with respect to the Federal and State income tax returns filed in April 1996. Although defendant indeed is listed as the preparer on the respective returns, thereby strongly suggesting that he continued to perform professional services for the estate beyond November 6, 1995, such documents do not definitively resolve the issue of continuous representation. Finally, while there does not appear to have been a formal substitution or

withdrawal of counsel (see, CPLR 321 [b]), again suggesting that defendant continued to represent the estate beyond November 1995 and, perhaps, until his alleged "discharge" in December 1996, this absence of documentation is not dispositive. "While defendant could not unilaterally terminate an attorney-client relationship simply by failing to perform services expressly or impliedly authorized by his clients * * *, that relationship does not continue indefinitely simply because there has been no formal termination" (Baker's Serv. v Robinson, supra, at 813 [citations omitted]). Accordingly, plaintiffs are not entitled to summary judgment at this juncture.

Mercure, J. P., Peters, Carpinello and Rose, JJ., concur. Ordered that the order and judgment are modified, on the law, without costs, by reversing so much thereof as granted plaintiffs' motion for summary judgment and awarded damages in the amount of $135,310.16, together with statutory interest from December 11, 1995; said motion denied and award of damages vacated; and, as so modified, affirmed.