■ CAROL TERRANOVA et al., Appellants,v LIBERTY LINES TRANSIT, INC., et al., Respondents. [738 NYS2d 693] —In an action, inter alia, to recover damages for age discrimination, harassment, intentional infliction of emotional distress, and defamation, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Colabella, J.), entered October 23, 2000, which granted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action, and denied their cross motion for leave to amend the complaint.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof granting that branch of the motion which was to dismiss the first cause of action, and substituting therefor a provision denying that branch of the motion, and (2) deleting the provision thereof denying that branch of the cross motion which was for leave to amend the cause of action alleging age discrimination and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed, without costs or disbursements.

According to the allegations in the complaint, the plaintiff Carol Terranova (hereinafter the plaintiff) was employed by the defendant Liberty Lines Transit, Inc. (hereinafter Liberty), for more than 21 years. During that time, she held the positions of secretary, administrative assistant, and manager of employee relations. During the entire period of her employment, she "performed her work in a satisfactory manner," and in November 1999, she "was the most senior employee in the human resources department." On November 2, 1999, however, the plaintiff "was accused of lying, told that her integrity was questionable," and had her computer privileges revoked. On November 8, 1999, she was demoted from manager of employee relations to switchboard operator, and allegedly she was replaced by someone younger.

Thereafter, the plaintiff and her husband commenced the instant action, alleging, inter alia, age discrimination and harassment under Executive Law § 296, intentional infliction of emotional distress, and defamation. A derivative cause of action was also stated on behalf of her husband. The defendants moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action. In response, the plaintiffs cross-moved to amend their complaint. By order entered October 23, 2000, the Supreme Court granted the motion and denied the cross motion. We modify.

To support a prima facie case of age discrimination under Executive Law § 296, a plaintiff must demonstrate that he or she was a member of the class protected by the statute, was actively or constructively discharged, was qualified to hold the position from which he or she was terminated, and that the discharge occurred under circumstances giving rise to an inference of age discrimination (*see, Ferrante v American Lung Assn.,* 90 NY2d 623, 629). Taking all of the allegations in the complaint as true, and resolving all inferences which reasonably flow therefrom in favor of the plaintiffs, as we must on a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) (*see, Cron v Hargro Fabrics,* 91 NY2d 362, 366; *Vorel v NBA*

*Props.,* 285 AD2d 641), we conclude that the complaint in the instant case sufficiently alleged a cause of action to recover damages for age discrimination under Executive Law § 296 (1) (a) (*see, Vorel v NBA Props., supra; Fern v International Bus. Machs. Corp.,* 204 AD2d 907, 909). Furthermore, the Supreme Court improvidently exercised its discretion in denying that branch of the plaintiffs' cross motion which was to amend this cause of action by, inter alia, amplifying an allegation concerning her qualifications to perform her job (*see,* CPLR 3025 [b]).

The Supreme Court, however, properly dismissed the cause of action to recover damages for harassment. The alleged isolated incidents which formed the basis of this cause of action do not support a finding of harassment or a hostile work environment (*see, Engstrom v Kinney Sys.,* 241 AD2d 420, 423; *Matter of Father Belle Community Ctr. v New York State Div. of Human Rights,* 221 AD2d 44, 51; *cf., San Juan v Leach,* 278 AD2d 299, 300).

The plaintiffs' remaining contentions are without merit. Feuerstein, J.P., Krausman, Friedmann and Schmidt, JJ., concur.