■ REENIE MOLINA, Respondent, v PHOENIX SOUND INC., Doing Business as SOUND FACTORY, Appellant. [747 NYS2d 227]

Plaintiff's first cause of action alleges that, for the purposes of advertising its adult nightclub, defendant Phoenix Sound Inc., doing business as Sound Factory, had, without plaintiff's consent, widely disseminated and distributed flyers containing a picture of her. She alleges that, because she never consented to this use of her image, it violates Civil Rights Law §§ 50 and 51. These two sections create a cause of action in favor of "[a]ny person whose name, portrait, picture or voice is used within this state for advertising purposes or for the purposes of trade without * * * written consent" (Civil Rights Law § 51; *see also Cohen v Herbal Concepts*, 63 NY2d 379, 383).

On a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), it is well settled that courts must liberally construe a pleading, accept all the facts alleged therein to be true, and accord those allegations the benefit of every possible favorable inference in order to determine whether those facts fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87-88). Accordingly, we find that the motion court properly denied that branch of defendant's cross motion to dismiss the first cause of action.

It is also well established that courts should deny summary judgment where there is any doubt about the existence of a triable issue of fact (*see Baker's Serv. v Robinson*, 85 AD2d 811). The party opposing summary judgment must "come forward with proof in evidentiary form to demonstrate the existence of a triable issue of fact" (*Bradt v John Hancock Mut. Life Ins. Co.*, 98 AD2d 886, 886). In support of her motion for summary judgment on the first cause of action, plaintiff avers that she consented neither orally nor in writing to defendant's use of any pictures or photographs, for any purpose. In opposition to plaintiff's affidavit, defendant asserts, via its president Richard Grant's affidavit, that an executed writing dated "7/15," which states "Received of Petty Cash" in the amount of $200, constitutes written consent by plaintiff. The receipt further contains the words "Model Fee," under which, defendant claims, is plaintiff's signature.

Contrary to the motion court's finding, there is no competent

evidence which conclusively establishes that plaintiff did not sign the July 15 petty cash receipt or that this receipt is not in plaintiff's handwriting. Plaintiff specifically fails to refute the allegation that she signed the petty cash receipt and, instead, she only generally declares, "at no time * * * did I ever consent to or execute a written release or agreement, authorizing [defendant] to use any pictures, photographs, and/or videotapes in which I appear, for any purpose, including advertising or promoting [defendant]." Because the Grant affidavit creates an issue of fact about whether the July 15 petty cash receipt meets the written consent requirement of Civil Rights Law § 51, we hold that the court should not have awarded summary judgment on this first cause of action to plaintiff (*see Epstein v Scally*, 99 AD2d 713; *Esteve v Abad*, 271 App Div 725).

In light of our finding that the motion court improperly granted plaintiff summary judgment on liability on the first cause of action, we need not reach defendant's alternate contention that the use of plaintiff's image on the flyer falls within the artistic performance exclusion (*see* Civil Rights Law § 51; *Cafferty v Scotti Bros. Records, Inc.*, 969 F Supp 193, 206).

Plaintiff's second cause of action alleges that defendant used a videotape, without plaintiff's consent, showing her dancing on the Sound Factory Web site, in violation of Civil Rights Law §§ 50 and 51. To the extent defendant now argues that the second cause of action should have been dismissed for failure to state a claim, we disagree. We find that the evidentiary submissions support the motion court's denial of that branch of defendant's cross motion (*see* CPLR 3211 [a] [7]); *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [when evidentiary material is considered on a motion to dismiss, criterion is whether proponent of the pleading has a cause of action, not whether one has been stated]).

In order to establish liability under New York's Civil Rights Law, plaintiff must demonstrate each of four elements: (i) usage of plaintiff's name, portrait, picture, or voice, (ii) within the State of New York, (iii) for purposes of advertising or trade, (iv) without plaintiff's written consent (*see* Civil Rights Law § 51). Defendant argues that plaintiff fails to plead sufficiently that the cited video images were used "for purposes of advertising or trade" and "within the state of New York." We find this argument unpersuasive.

With respect to "purposes of advertising or trade," plaintiff avers, in opposition to the cross motion, that "the poster/flyer is not the only nonconsensual use of my picture and likeness, *used for trade and advertising purposes* by [the Sound Factory]

\* \* \* [because] commencing in 1999 and continuing unabated to present on a 24 hour, seven (7) days a week world wide basis, [the Sound Factory] has exhibited and used photographs, pictures, and videotapes depicting me \* \* \* on its internet website (*www.soundfactorynyc.com*)" (emphasis added). Clearly, plaintiff has sufficiently alleged this element.

As to use of her image "within the state of New York," it appears that plaintiff pleads this element only insofar as she notes that her "picture and likeness" were available on a "world wide basis" on the Internet. Because the pleading refers to the Internet's global accessibility, rather than directly addressing accessibility within New York State, we find this to be a novel intersection of rapidly developing Internet law and well-established rights of privacy.

Today, it cannot be disputed that an Internet Web site simultaneously exhibits images both globally and locally. Therefore, while plaintiff's image on the Sound Factory Web site was indeed available for use on a "world wide basis," it necessarily was concurrently available within New York State. Moreover, any person with a computer and an Internet connection, anywhere, has access to a Web site, regardless of where the site itself was created or is maintained (*see American Civ. Liberties Union v Reno*, 929 F Supp 824, 844, *affd* 521 US 844). We therefore find that, for the purposes of a motion to dismiss, plaintiff's assertion of a Web site's global accessibility sufficiently meets the required statutory element of use within New York State (*see Guggenheimer, supra*).

Although we find that plaintiff sufficiently pleaded the second cause of action, defendant has raised a multitude of triable issues of fact, including, but not limited to, whether plaintiff's dancing falls within the artistic performance exception to the Civil Rights Law, whether plaintiff's image on the Web site was an incidental use, and whether the Web site was actually accessed within the State of New York. As such, the motion court erred in granting that branch of plaintiff's motion for summary judgment on the second cause of action (*see Epstein v Scally*, 99 AD2d 713; *Esteve v Abad*, 271 App Div 725).

Finally, we reject defendant's contention that the Federal Copyright Act (USC tit 17) and the Supremacy Clause of the United States Constitution (US Const art VI [2]) preempt Civil Rights Law § 51. Section 301 specifically preserves nonequivalent state law rights (*see* 17 USC § 301 [b] [3]; *Mayer v Josiah Wedgwood & Sons, Ltd.*, 601 F Supp 1523, 1535). Because the state statute contains the additional element of use of one's image for advertising or trade purposes without written consent,

we find the nature of the action is nonequivalent and the doctrine of preemption does not apply (*see* Civil Rights Law § 51; *Mayer, supra* at 1535; *see also Shamsky v Garan, Inc.*, 167 Misc 2d 149; *James v Delilah Films*, 144 Misc 2d 374). Concur—Sullivan, J.P., Rosenberger, Rubin, Friedman and Marlow, JJ.