■ PEISINGER CREATIVE BRANDING SYSTEMS, Appellant, v CBS CABLE NETWORKS, INC., et al., Respondents. [750 NYS2d 269] —Order, Supreme Court, New York County (Helen Freedman, J.), entered January 29, 2002, which, inter alia, granted in part defendants' motion pursuant to CPLR 3211 (a) (5) and (7) to dismiss the complaint, unanimously modified, on the law, to deny the motion as to plaintiff's breach of contract causes of action (1) insofar as such causes allege improper termination of the parties' agreements prior to the expiration of their terms based upon defendants' decision to bring all licensing transactions "in-house," and (2) insofar as they seek commissions for earned but unpaid commissions in connection with concluded licensing transactions, and to reinstate such claims, and otherwise affirmed, without costs.

Since the defendants never moved to dismiss plaintiff's claims for earned but unpaid commissions with respect to consummated licensing transactions, it appears that such claims were inadvertently dismissed by the court, and they should be reinstated.

Presuming the facts as pleaded in the complaint to be true and according plaintiff the benefit of every favorable inference therefrom, as we must in adjudicating a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) (*see Guggenheimer v Ginzburg*, 43 NY2d 268, 275), we conclude that plaintiff sufficiently alleged that defendants, by determining to bring all licensing transactions "in-house," breached their agreements with plaintiff entitling it, for a specified term, to act as defendants' exclusive third-party representative to develop licensing proposals. Although defendants, in the subject agreements, reserved the right to negotiate licenses directly with third parties, we cannot conclude from this reservation alone that it was the intention of the parties that defendant was to be accorded the right unilaterally to frustrate plaintiff's ability

to perform under the agreements, and thus to effectively terminate the agreements prior to the expiration of their stated terms.

The motion court, however, properly concluded, as a matter of law, that the parties' course of conduct did not modify their agreements. Consequently, plaintiff was not authorized to negotiate licensing transactions respecting properties and products not covered by the original agreements. Therefore, plaintiff's claim relying upon such a modification was properly dismissed. While it is undisputed that from time to time defendants encouraged plaintiff to develop licensing deals for properties and products not within the purview of the parties' written agreements, these initiatives were approved by defendants on a case-by-case basis. There is no writing indicating that plaintiff was otherwise entitled to conduct such negotiations on defendants' behalf, and plaintiff's claim that the subject agreements were orally modified is barred by the terms of the agreements and the statute of frauds (*see* General Obligations Law § 15-301 [1]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Nardelli, J.P., Mazzarelli, Saxe and Marlow, JJ.