■ Trocom Construction Corp., Plaintiff, v Consolidated Edison Company of New York, Defendant and Third-Party Plaintiff-Respondent. Wilbur L. Chapman et al., Third-Party Defendants-Appellants. [752 NYS2d 50] —Order, Supreme Court, New York County (Michael Stallman, J.), entered October 22, 2001, which, to the extent appealed from as limited by the brief, denied the motion of third-party defendant City of New York to dismiss, pursuant to CPLR 3211 (a) (7), the claims of third-party plaintiff Consolidated Edison Company of New York (Con Edison) for delay damages, unanimously affirmed, without costs.

In the main action, Con Edison has been found liable to plaintiff Trocom for damages attributable, in part, to delay in addressing a construction site problem having to do with unstable backfill. In the third-party action, Con Edison alleges that remediation of the backfill problem was not its responsibility and that third-party defendant City's order directing it to correct the problem was not validly issued. Viewing the allegations of the third-party complaint, as we must in the present procedural context, in the light most favorable to Con Edison (see Peisinger Creative Branding Sys. v CBS Cable Networks, 299 AD2d 184), we conclude that the third-party complaint should be sustained as against the City's motion to dismiss pursuant to CPLR 3211 (a) (7). The complaint adequately alleges that Con Edison's responsibilities under the Administrative Code of the City of New York did not extend to the remediation of soil conditions such as those encountered by Trocom at the subject construction site and that the City improperly characterized the work that it directed Con Edison to perform so as to evade its own responsibility for the cost of correcting the problem. Concur—Williams, P.J., Andrias, Buckley, Lerner and Gonzalez, JJ.