■ SALLY M. BAILEY, Appellant, v GRAY, SEIFERT & CO., INC., et al., Respondents. [752 NYS2d 646] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered April 26, 2002, which granted defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7), unanimously affirmed, without costs.

The complaint was properly dismissed since its allegations, even when taken as true and given the benefit of every favorable reasonable inference (*see Peisinger Creative Branding Sys. v CBS Cable Networks,* 299 AD2d 184), do not permit a determination that defendants could be bound by the oral promise of Lawrence Bishop, a principal of defendant Gray, Seifert & Co., Inc. and head of its Human Resources Department, to the effect that plaintiff's stock options would not be forfeited in the near aftermath of her resignation. Plaintiff's 1994 stock option agreement with defendant Legg Mason explicitly provided that plaintiff's stock options would expire at the close of business on the fifth day following her resignation and the Legg Mason Long Term Compensation Plan vested authority in a compensation committee to administer the Plan and grant any waivers of Plan terms, conditions, restrictions and limitations. Inasmuch as the complaint contained no allegation that Bishop was authorized to modify the terms of Legg Mason's employee stock option plan in the Legg Mason Compensation Committee's stead, or that Legg Mason had created the appearance that Bishop was vested with such authority, plaintiff presented no cognizable claim for relief premised upon the alleged oral modification. The motion court also properly held that plaintiff had failed to plead a fiduciary or other special relationship sufficient to sustain her causes of action for breach of fiduciary duty and negligent representation. Concur—Saxe, J.P., Sullivan, Ellerin, Lerner and Gonzalez, JJ.