(April 24, 2003)

■ JEREMY WIESEN, Appellant, v NEW YORK UNIVERSITY, Respondent, et al., Defendants. [758 NYS2d 51] —Order, Supreme Court, New York County (Edward Lehner, J.), entered on or about July 19, 2001, which dismissed plaintiff's complaint after converting defendant New York University's motion to dismiss pursuant to CPLR 3211 to one for summary judgment, unanimously reversed, on the law and the facts, with costs, the motion denied, and the complaint reinstated.

Initially, we find that the motion court erred when it converted defendant's CPLR 3211 motion to one for summary judgment. CPLR 3211 (c) provides, in pertinent part: "Upon the hearing of a motion made under subdivision (a) or (b), either party may submit any evidence that could properly be considered on a motion for summary judgment. *Whether or not issue has been joined, the court, after adequate notice to the parties, may treat the motion as a motion for summary judgment.*" (Emphasis added.)

There are, however, three exceptions to the notice requirement: (1) where the action in question involves no issue of fact, but only issues of law which are fully acknowledged and argued by the parties; (2) where the parties specifically request the motion be treated as one for summary judgment; and (3) where the parties deliberately lay bare their proof and make it clear they are charting a summary judgment course (*Mihlovan v Grozavu*, 72 NY2d 506, 508 [1988]; *Shah v Shah*, 215 AD2d 287, 289 [1995]; *Four Seasons Hotels v Vinnik*, 127 AD2d 310, 320 [1987]).

Here, there is no indication that the court gave notice to the parties of its intent to treat the motion as a motion for summary judgment. Moreover, none of the delineated exceptions apply in this matter, and the fact that defendant, almost as an aside, unilaterally requested summary judgment as alternative relief does not constitute adequate notice so as to comply with CPLR 3211 (c) (*see Mihlovan v Grozavu, supra* at 508 n).

On a motion to dismiss pursuant to CPLR 3211, the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Peisinger Creative Branding Sys. v CBS Cable Networks*, 299 AD2d 184 [2002]; *Molina v Phoenix Sound*, 297 AD2d 595, 596 [2002]).

In order to establish a prima facie case of age discrimination pursuant to Executive Law § 296, plaintiff must demonstrate that he or she was a member of the class protected by the statute; was actively or constructively discharged; was qualified to hold the position from which he or she was terminated; and the discharge occurred under circumstances which give rise to an inference of age discrimination (*Ferrante v American Lung Assn.*, 90 NY2d 623, 629 [1997]; *Terranova v Liberty Lines Tr.*, 292 AD2d 441, 442 [2002]). The plaintiff's burden has been described as "de minimis" (*Exxon Shipping Co. v New York State Div. of Human Rights*, 303 AD2d 241 [2003]).

Plaintiff alleges, inter alia, that after teaching graduate level entrepreneurship studies courses at the Stern School of Business for at least 15 years, he was informed by a superior that he was being reassigned because of a desire for younger faculty; that after he filed a grievance, defendant retaliated by assigning him to teach less desirable undergraduate courses; and that he was informed, while on sabbatical, that he was "dismissed forever." We find the foregoing to be sufficient, for the purposes of a motion made pursuant to CPLR 3211, to

sustain plaintiff's age discrimination claims. Concur—Buckley, P.J., Nardelli, Mazzarelli, Williams and Lerner, JJ.