■ RST Resources, Inc., Appellant, v Sumitomo Corporation et al., Respondents, et al., Defendants. [821 NYS2d 580]—

Order, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered February 22, 2005, which denied plaintiff's motion to vacate the judgment, same court (Ira Gammerman, J.), entered June 23, 2003, and to renew defendants' motion for summary judgment, unanimously affirmed, with costs.

Pursuant to the judgment sought to be vacated, Supreme Court granted defendants' motion for summary judgment and dismissed the complaint on the ground that the claims of plaintiff RST Resources, Inc. (RST) were barred by releases executed by RST's former president Laurence Mutakasha. To prevail on its motion to vacate the judgment, plaintiff was required to show, inter alia, that the new evidence—i.e., the matters asserted in the Mutakasha affidavit—would "probably have produced a different result" (CPLR 5015 [a] [2]) on defendants' motion for summary judgment. Although we agree with Supreme Court that plaintiff failed to make this showing, we reach that conclusion for reasons that differ in part from those stated by Supreme Court in its decision. To produce a different result on the summary judgment motion, the new evidence of course must be in admissible form (*see Marine Midland Bank v Hall*, 74 AD2d 729 [1980]; *see also Dan's Supreme Supermarkets v Redmont Realty Co.*, 261 AD2d 353 [1999]). The sworn assertion by Mutakasha in his affidavit that on April 10, 1997, more than 2 1/2 years before his execution of the releases, he resigned as the president and as a director of RST by submitting a letter (a copy of which was attached to the affidavit) to "Jacob Cherian, the then-financial controller" of RST, was

competent proof that Mutakasha submitted such a letter. It was not alone sufficient, however, to show that the legal effect of the letter's submission to Cherian was that Mutakasha thereby did resign the office of president of RST, a New York corporation. Rather, plaintiff was required to show as well that the submission of the letter to Cherian was effective under New York law to resign the office of president.

On this question, there is a dearth of case law, and the parties have not urged that any provision of the Business Corporation Law is relevant. However, we agree with Supreme Court that, at least in the absence of a contrary provision in the bylaws or certificate of incorporation, to be effective a letter of resignation from an officer of a New York corporation "should be submitted to the person or persons having the power to fill the vacancy" (Hyman, 1 Corporation Forms § 20:22 [2006]; *see* 2 Fletcher, Cyclopedia of the Law of Corporations § 349, at 140 [perm ed]; *see generally Dillon v Berg*, 326 F Supp 1214, 1224 [D Del 1971], *affd* 453 F2d 876 [3d Cir 1971] [construing Delaware law]).

Neither the Mutakasha affidavit nor anything else in plaintiff's motion made reference to the content of the bylaws or certificate of incorporation or provided any other basis from which it could be concluded that the submission of the letter to Cherian was effective to resign the office of president of RST. Indeed, plaintiff's motion contained nothing from which it could be concluded that Cherian was even an officer of RST, let alone that he was empowered to fill the vacancy in the office of president.

Immediately after asserting that he had submitted the letter to Cherian, Mutakasha went on to assert the following: "[W]hich decision was conveyed to Penshaw [Holdings, Ltd.], RST Resources, Inc.'s sole shareholder, and was accepted." Supreme Court correctly noted the "conclusory and hearsay nature of this assertion." Mutakasha's assertion that the decision—presumably, his own decision to resign rather than the letter of resignation itself—"was conveyed" to Penshaw and "was accepted" is tantamount to an assertion by Mutakasha that he was informed by someone that someone apprised someone at Penshaw of his decision to resign and someone at Penshaw accepted the resignation. Unlike Supreme Court, we find the hearsay character of this assertion to be significant. Although it may not be blatant hearsay, it is hearsay nonetheless and must be disregarded (*see Thompson v Abbasi*, 15 AD3d 95, 99 [2005]). Accordingly, even assuming that conveying to Penshaw either a decision by Mutakasha to resign or his letter of resignation would be effective to resign the office of president

of RST, plaintiff failed to provide admissible evidence of the occurrence of either event. Concur—Mazzarelli, J.P., Friedman, Nardelli, Sweeny and McGuire, JJ.