■ Maria Godino, Respondent, v Premier Salons, Ltd., et al., Appellants. [35 NYS3d 197]—

In an action to recover damages for employment discrimination on the basis of age and a hostile work environment in violation of Executive Law § 296, the defendants appeal from an order of the Supreme Court, Nassau County (Mahon, J.), entered October 27, 2014, which denied their motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action against Premier Salons, Ltd., Saks Fifth Avenue, and Sak's, Inc., to recover damages for employment discrimination on the basis of age and a hostile work environment in violation of Executive Law § 296. The defendants moved to dismiss the complaint pursuant to CPLR

3211 (a) (7) on the ground that the complaint failed to state a cause of action upon which relief could be granted. The Supreme Court denied the motion. We affirm.

On a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), "the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). The complaint must be construed liberally, the factual allegations deemed to be true, and the nonmoving party granted the benefit of every possible favorable inference (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]).

To state a cause of action alleging age discrimination under the New York Human Rights Law (Executive Law § 296), a plaintiff must plead facts that would tend to show (1) that he or she was a member of a protected class, (2) that he or she was actively or constructively discharged or suffered an adverse employment action, (3) that he or she was qualified to hold the position for which he or she was terminated or suffered an adverse employment action, and (4) that the discharge or adverse employment action occurred under circumstances giving rise to an inference of age discrimination (*see Ferrante v American Lung Assn.*, 90 NY2d 623, 629 [1997]; *Ehmann v Good Samaritan Hosp. Med. Ctr.*, 90 AD3d 985, 985 [2011]; *Balsamo v Savin Corp.*, 61 AD3d 622, 623 [2009]; *Wiesen v New York Univ.*, 304 AD2d 459, 460 [2003]; *Terranova v Liberty Lines Tr.*, 292 AD2d 441, 442 [2002]; *Kassner v 2nd Ave. Delicatessen Inc.*, 496 F3d 229, 238 [2d Cir 2007]).

Here, the plaintiff alleged in the complaint that she was a 54-year-old hairstylist with more than 20 years of experience and a loyal clientele when she began working for the defendants. She alleged that her coworkers, managers, and supervisors frequently ridiculed and harassed her because of her age by stating that she was "too old" and that she "should retire." According to the complaint, the plaintiff's work station was moved by a supervisor to a less desirable location in the salon, facing a fire exit, which resulted in a decrease in the plaintiff's income. She alleged that a younger hairstylist, who happened to be one of the individuals who harassed her, was assigned to her former work station. The plaintiff claimed that her manager informed her that the supervisor made this decision "to promote the young girl with lots of energy." The plaintiff alleged that she complained to management about the harassment and the change of work station, but that no remedial ac-

tion was taken. She further alleged that on a particular occasion, she was attacked by two younger hairstylists, one of whom scratched her arm, screamed that she was "ugly and old," and told her she "should retire." According to the complaint, the plaintiff's managers and supervisors failed to intervene during the attack, and, thereafter, the defendants terminated the plaintiff's employment. Presuming these allegations to be true, the plaintiff has adequately stated a cause of action alleging age discrimination under Executive Law § 296 (*see Guggenheimer v Ginzburg,* 43 NY2d at 275; *Wiesen v New York Univ.,* 304 AD2d at 460; *Terranova v Liberty Lines Tr.,* 292 AD2d at 442).

To state a cause of action alleging a hostile work environment under Executive Law § 296, a plaintiff must plead facts that would tend to show " 'that the complained of conduct: (1) is objectively severe or pervasive—that is, creates an environment that a reasonable person would find hostile or abusive; (2) creates an environment that the plaintiff subjectively perceives as hostile or abusive; and (3) creates such an environment because of the plaintiff's [protected class]' " (*Gordon v City of New York,* 2015 WL 3473500, \*14, 2015 US Dist LEXIS 70915, \*36 [SD NY, June 2, 2015, No. 14-CV-6115 (JPO)], quoting *Patane v Clark,* 508 F3d 106, 113 [2d Cir 2007]). The United States Supreme Court has observed that courts examining hostile work environment causes of action should consider, among other things, " 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance' " (*Schiano v Quality Payroll Sys., Inc.,* 445 F3d 597, 605 [2d Cir 2006], quoting *Harris v Forklift Sys., Inc.,* 510 US 17, 23 [1993]). Applying those principles to this case, the plaintiff adequately stated a cause of action alleging a hostile work environment.

The defendants' remaining contentions are without merit.

Accordingly, the Supreme Court properly denied the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action. Rivera, J.P., Cohen, Maltese and LaSalle, JJ., concur.