Certain Underwriters at Lloyd's London Subscribing to Policy No., PGIARK01449-05 v Advance Tr. Co., Inc. (2020 NY Slip Op 06705)





Certain Underwriters at Lloyd's London Subscribing to Policy No., PGIARK01449-05 v Advance Tr. Co., Inc.


2020 NY Slip Op 06705


Decided on November 17, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 17, 2020

Before: Friedman, J.P., Renwick, Webber, González, JJ. 


Index No. 150656/19 Appeal No. 12389 Case No. 2020-02560 

[*1]Certain Underwriters at Lloyd's London Subscribing to Policy No., PGIARK01449-05, Plaintiff-Respondent,
v
Advance Transit Co., Inc., Defendant-Appellant, 745 Whittier Street, LLC, et al., Defendants.


Schnader Harrison Segal & Lewis LLP, New York (Bruce M. Strikowsky of counsel), for appellant.
Milber Makris Plousadis & Seiden, LLP, Woodbury (Lorin A. Donnelly of counsel), for respondent.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on February 20, 2020, which granted plaintiff's (Underwriters) cross motion for summary judgment declaring that Underwriters is not obligated to defend or indemnify defendant Advance Transit (Advance) in the underlying personal injury action, that Underwriters is entitled to withdraw its defense of Advance in the underlying action, and that Advance is obligated to reimburse Underwriters for defense fees, costs, and expenses incurred in that defense, and denied Advance's motion for summary judgment for a contrary declaration, unanimously affirmed, with costs.
The grant of summary judgment in favor of plaintiff insurer and treatment of defendant's motion to dismiss as a motion for summary judgment pursuant to CPLR 3211(c) was correct as a matter of law (Wiesen v New York Univ., 304 AD2d 459, 460 [1st Dept 2003]).
Based upon the plain and ordinary meaning of the term "however" within Insurance Law § 3420(a)(5), a claims-made policy can set a definite time frame for reporting claims, irrespective of prejudice, which can include "the policy period, any renewal thereof, or any extended reporting period." The use of the disjunctive "or" provides that the claim shall be made during the policy period, or the renewal, or any extended reporting period. Thus, Insurance Law § 3420(a)(5) does not require renewal coverage under a claims-made and reported policy and the legislative history and relevant authorities support this construction (Bill Jacket, 2008, Senate Bill 8610, ch 388; New York General Counsel Opinion 6-23-2009; New York Circular Letter No. 2008-26). Defendant reported the claim to plaintiff outside the policy period and the extended reporting period and therefore, the claim was untimely. The fact that defendant provided timely notice of the underlying action to parties other than those required by the insurance contract is of no avail (see Gershow Recycling Corp. v Transcontinental Ins. Co., 22 AD3d 460, 462 [1st Dept 2005]).
New York law further permits insurers to provide their insureds with a defense subject to "a reservation of rights to, among other things, later recoup their defense costs upon a determination of non-coverage" (Law Offs. of Zachary R. Greenhill P.C. v Liberty Ins. Underwriters, Inc., 128 AD3d 556, 559-560 [1st Dept 2015]; Certain Underwriters at Lloyd's London Subscribing to Policy No. SYN-1000263 v Lacher & Lovell-Taylor, P.C., 112 AD3d 434, 435 [1st Dept 2013], lv denied 24 NY3d 907 [2014]). In its reservation of rights letter, plaintiff reserved the right to recover payments made by Underwriters including payments for defense costs and expenses, attorneys' fees, and costs of suit.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 17, 2020