In the Matter of NEW YORK CITY TRANSIT AUTHORITY, Appellant, v WAYNE SMITH, Respondent.—In a proceeding to stay arbitration, petitioner appeals from an order of the Supreme Court, Kings County, dated June 25, 1975, which denied its application to stay arbitration of respondent's claim for no-fault insurance benefits as the result of an accident in which he lost control of his motorcycle, allegedly due to the failure of a city bus to yield the right of way. Order affirmed, with $50 costs and disbursements. The so-called no-fault insurance law (Insurance Law, art XVIII) excludes motorcycles from its definition of "motor vehicle" (Insurance Law, § 671, subd 6, cl [b]), thereby excluding motorcycles from the category of vehicles covered by

no-fault insurance. However, the statute does not exclude motorcycle operators from the category of persons entitled, under proper circumstances, to "first party benefits" (Insurance Law, § 671, subds 2, 10, § 673) in the event of an accident involving a covered vehicle (cf. *Montgomery v Daniels,* 38 NY2d 41). A motorcycle operator is entitled to recover, without instituting an action, from a vehicle covered by no-fault insurance upon the presentation of a proper claim; disputes arising with respect thereto are subject to arbitration pursuant to section 675 of the Insurance Law. The noninclusion of motorcycles as vehicles required to obtain insurance policies which pay for damage regardless of fault does not, by implication, concurrently preclude persons operating motorcycles who are injured in accidents involving covered vehicles from obtaining recovery under no-fault policies. If the Legislature desires such a preclusion, it should so provide explicitly. Hopkins, Acting P. J., Cohalan, Damiani, Christ and Titone, JJ., concur.