ANTHONY SIMONE, Appellant, v ALBERT STREEBEN et al., Respondents.

Third Department, March 3, 1977

*Nicholas J. Grasso (David A. Weiss* of counsel), for appellant.

*Dugan, Lyons, Pentak, Brown & Tobin (Kevin P. Glasheen* of counsel), for respondents.

KANE, J. Plaintiff commenced this negligence action in November of 1974 to recover damages for the personal injuries and property loss he allegedly sustained on April 25, 1974 when a motorcycle owned and operated by him collided with an automobile owned by the defendant Albert Streeben while being operated by the defendant Connie Streeben. Following the interposition of defendants' answer, the submission of plaintiff's verified bill of particulars, and an examination before trial, plaintiff was examined by a doctor at defendants' request. Defendants then moved for summary judgment dismissing plaintiff's cause of action for personal injuries on the ground that his remedy was limited to relief under the provisions of the Comprehensive Automobile Insurance Reparations Act, commonly known as the "no-fault" insurance law (Insurance Law, art XVIII). Special Term granted the motion and plaintiff now appeals.

Plaintiff's argument that as a motorcyclist he was not a "covered person" under subdivision 1 of section 673 of the Insurance Law is unpersuasive and we reject it (Insurance Law, § 671, subd 10; § 672, subd 1, par [a]; *Matter of New York City Tr. Auth. v Smith,* 52 AD2d 624; *Perkins v Merchants Mut. Ins. Co.,* 41 NY2d 394). Consequently, plaintiff possesses no right of recovery unless he suffered "serious injury" as defined by subdivision 4 of section 671 of the Insurance Law (Insurance Law, § 673, subd 1). Assuming that his complaint sufficiently alleged such injury under CPLR

3016 (subd [g]) so that it was not subject to dismissal under CPLR 3211 (subd [a]), we have recently concluded that the existence of "serious injury" is usually a question of fact best left for a jury to resolve (*Sanders v Rickard,* 51 AD2d 260). However, we carefully observed that no expert medical testimony had been presented therein and noted that summary judgment might be warranted in an appropriate case (*Sanders v Rickard, supra,* pp 263, 264). This is such a case.

In support of their motion, defendants submitted the affidavit of a physician who examined the plaintiff in October of 1975 and he flatly averred that no "dismemberment, significant disfigurement, compound or comminuted fracture, or permanent loss of use of a body organ, member, function or system" was revealed by that examination (see Insurance Law, § 671, subd 4, par [a]). In addition, Special Term had before it plaintiff's verified bill of particulars and excerpts from his testimony at an examination before trial. Neither of those documents specified that the reasonable and customary charges for allowable medical and related services exceeded $500 (see Insurance Law, § 671, subd 4, par [b]). In opposition, plaintiff merely submitted the affidavit of his attorney which contained an unsubstantiated statement that plaintiff's injuries would constitute serious injury within the meaning of the Insurance Law. This was not enough to raise a triable issue of fact. Defendants' moving papers developed evidentiary material disproving any "serious injury" and plaintiff's burden to demonstrate the existence of a genuine factual issue was not met by the repetition of allegations in the pleadings or by offering conclusory statements on the part of his attorney (*Ehrlich v American Moninger Greenhouse Mfg. Corp.,* 26 NY2d 255, 259; *Indig v Finkelstein,* 23 NY2d 728). Accordingly, summary judgment dismissing plaintiff's first cause of action for personal injuries was properly granted.

The order and judgment should be affirmed, without costs.

KOREMAN, P. J., GREENBLOTT, MAHONEY and HERLIHY, JJ., concur.

Order and judgment affirmed, without costs.