■ HENRY FERGUSON, Respondent, v BETTY TEMMONS et al., Appellants. — Order unanimously reversed, with costs, and motion granted. Memorandum: Plaintiff seeks to recover noneconomic loss arising from an automobile accident which occurred on May 13, 1979. In his bill of particulars plaintiff alleged that he suffered a fracture of his left ankle which qualified as a "serious injury" under subdivision 4 of section 671 of the Insurance Law. In their motion for summary judgment defendants submitted the supporting affidavit of their medical expert, an orthopedic surgeon, who reviewed plaintiff's medical records and radiographs and concluded that he suffered a soft tissue injury only. In response plaintiff submitted an affidavit, his attorney's affidavit, and a copy of his physician's report to defendants' insurance carrier. Plaintiff presented

no evidence of a fracture and changed his theory of recovery under subdivision 4 of section 671 of the Insurance Law to significant limitation of use of a body organ or member and significant disfigurement. Plaintiff's failure to make these new claims in his bill of particulars is not fatal since a variance between trial proof and the allegations in a bill of particulars is usually resolved by amending the pleading and the bill to conform to the actual evidence where no prejudice is shown (CPLR 3025, subd [c]; Siegel, New York Practice, § 242). We conclude, however that in opposing the motion for summary judgment plaintiff failed to "demonstrate by admissible evidence the existence of a factual issue requiring a trial of the action or tender an acceptable excuse for his failure so to do" *(Zuckerman v City of New York,* 49 NY2d 557, 560). Once defendants presented expert medical testimony disproving that plaintiff suffered a fracture as a result of the accident it became plaintiff's burden to establish.the existence of facts upon which an inference of a serious injury within the meaning of subdivision 4 of section 671 of the Insurance Law could be based and thus demonstrate the existence of genuine factual issue. Plaintiff's conclusory and self-serving affidavit, corroborated by his attorney, that a visible scar on plaintiff's leg constitutes a "significant disfigurement" and that he remained under treatment for almost a year for the injury which still "bothers" him and, in his "opinion", constitutes a significant limitation of use of a body function is insufficient to demonstrate the existence of a genuine factual issue *(Simone v Streeben,* 56 AD2d 237). His treating physician's report is a hearsay statement offered with no excuse for plaintiff's failure to provide admissible evidence to establish a serious injury and counter defendants' proof. Plaintiff's affidavit and the hearsay affirmation by his counsel have little probative value since conclusory assertions, expressions of hope or unsubstantiated allegations, even if believable, are not enough to defeat summary judgment *(Zuckerman v City of New York, supra,* p 562). To defeat summary judgment one must disclose in evidentiary form the evidence on which he relies *(Marine Midland Bank v Hall,* 74 AD2d 729) and this plaintiff failed to do. (Appeal from order of Erie Supreme Court — summary judgment.) Present — Dillon, P.J., Cardamone, Schnepp, Doerr and Moule, JJ.