# (January 23, 1981)

■ DONALD SHAFFER et al., Appellants, v THOMAS J. KASPEREK et al., Respondents. — Judgment and order affirmed, without costs. Memorandum: In opposing the motion for summary judgment, plaintiffs failed to establish by admissible evidence the existence of a factual issue, i.e., any " 'Serious injury' " within the meaning of subdivision 4 of section 671 of the Insurance Law, requiring a trial, or to give an acceptable excuse for their failure to do so (Zuckerman v City of New York, 49 NY2d 557; Marine Midland Bank v Hall, 74 AD2d 729). Even had the moving papers been in evidentiary form, they were insufficient to raise a triable issue of fact (Simone v Streeben, 56 AD2d 237). All concur, except Callahan, J., who dissents and votes to reverse and deny the motion, in the following memorandum.

Callahan, J. (dissenting). I respectfully dissent and vote to reverse Special Term and deny the motion to dismiss the complaint. The existence of " 'Serious injury' " within the Insurance Law is usually a question of fact best left for a jury to decide (Simone v Streeben, 56 AD2d 237; Sanders v Rickard, 51 AD2d 260; Colenzo v Kernan, 49 AD2d 809). If the opposing parties rely solely upon the pleadings and attorneys' affidavits and present no expert medical testimony, then summary judgment should be denied and the resolution of whether

plaintiff suffered " 'Serious injury' " is a question of fact that should await trial *(Sanders v Rickard, supra)*. When defendants, in support of their summary judgment motion, submit the affidavit of a physician who examined plaintiff and found no "dismemberment, significant disfigurement, compound or comminuted fracture, or permanent loss of use of a body organ, member, function or system," thereby disproving any " 'Serious injury' " within subdivision 4 of section 671 of the Insurance Law, it is plaintiff's burden to demonstrate the existence of a genuine factual issue *(Simone v Streeben, supra)*. The majority maintain that where plaintiff herein, in opposing defendants' summary judgment motion, merely submits the affidavit of his attorney which contains an unsubstantiated statement that serious injury was sustained within the meaning of the Insurance Law, summary judgment is properly granted *(Simone v Streeben, supra;* cf. *Sanders v Rickard, supra)*. I take no exception to the majority's reliance on the rules promulgated in this department. My disagreement is founded upon the initial failure herein of defendant to show that plaintiff did not in fact sustain a " 'Serious injury' " within the purview of the statute. I submit that upon a close reading of defendant's examining physician's affidavit one should reasonably conclude that plaintiff suffers a permanent loss of function. This acknowledgment by the doctor that the plaintiff has sustained a relative loss of motion between C-6 and C-7 which often is seen after this type of injury and that Mrs. Shaffer has some muscle soreness on the right side and local tenderness demonstrates the possibility that there is at least a question of fact as to the seriousness of the injury. It seems to me, therefore, that summary judgment is too harsh a remedy and in this situation the plaintiff should not be precluded from having a jury decide whether or not she has sustained a serious injury. (Appeal from order and judgment of Stuben Supreme Court — summary judgment.) Present — Dillon, P. J., Cardamone, Schnepp, Callahan and Moule, JJ.