■ Susan Supper, Respondent, v Kim Christian et al., Appellants. — Order unanimously reversed, without costs, and motion granted. Memorandum: In this personal injury action, defendants appeal from an order denying their motion for summary judgment dismissing the complaint. We reverse. The medical reports and hospital records submitted by the parties on the motion demonstrate as a matter of law that plaintiff did not suffer a "serious injury" as that term is defined in subdivision 4 of section 671 of the Insurance Law (see *Thrall v City of Syracuse,* 96 AD2d 715, revd for reasons stated in dissenting mem of Justice Moule 60 NY2d 950; *Licari v Elliott,* 57 NY2d 230). Since plaintiff otherwise failed to establish any question of fact on that issue, summary judgment should have been granted to defendants (see· *Shaffer v Kasperek,* 79 AD2d 1092; *Ferguson v Temmons,* 79 AD2d 1090). (Appeal from order of Supreme Court, Onondaga County, Sullivan, J. — summary judgment.) Present — Dillon, P. J., Callahan, Doerr, O'Donnell and Moule, JJ.

■ In the Matter of John Vergamini et al., Appellants, and State of New York, Intervenor, v Robert M. Quigley et al., Respondents. — Judgment unanimously reversed, without costs, and petition granted, in accordance with the following memorandum: Special Term improperly dismissed the petition since it appears that the petitioner Vergamini, who was called as a witness, had not received immunity and thus the conditions set for use of the Grand Jury transcripts in Judge Conable's order were not met (see *Jones v State of New York,* 79 AD2d 273). The testimony in which reference is made to the transcripts was given in open court (see *Jones v State of New York,* 96 AD2d 105) and is a part of the record in the appellate process which is not complete. Moreover, the transcripts were received as exhibits. Thus, most of the relief requested is either pointless or impossible, and, for this reason, the proceeding is largely moot. The petition, however, is granted to the extent of providing that the attorneys who may have possession of the transcripts and any copies thereof are required to return them to Judge Quigley for proper disposition at the conclusion of the civil litigation. (Appeal from judgment of Supreme Court, Monroe County, Tillman, J. — art 78). Present — Hancock, Jr., J. P., Denman, Boomer, Green and Schnepp, JJ.