■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRANCE CRAWFORD, Appellant.—Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from judgment of Monroe County Court, Mark, J.—burglary, third degree.) Present—Dillon, P.J., Callahan, Boomer, Green and Schnepp, JJ.

■ STATE DIVISION OF HUMAN RIGHTS, on Complaint of MICHAEL RINKO, JR., Petitioner, v CLYDE CENTRAL SCHOOL DISTRICT, Respondent.—Determination unanimously confirmed and petition dismissed, without costs *(see, State Div. of Human Rights v Ingersoll-Rand Co.,* 106 AD2d 917). (Proceeding pursuant to Executive Law § 298.) Present—Dillon, P. J., Callahan, Boomer, Green and Schnepp, JJ.

■ LADONNE SALES, Respondent, v MAUREEN CRIMMEN, Appellant.—Order unanimously reversed, on the law, without costs, and·motion granted. Memorandum: Defendant's motion for summary judgment based on her claim that plaintiff did not sustain a "serious injury" as defined in Insurance Law § 5102 (d) was erroneously denied by Special Term. Defendant submitted an affidavit of an orthopedic surgeon, together with copies of reports of two examinations which he conducted of plaintiff. They demonstrated that although plaintiff had suffered a soft tissue injury resulting in a temporary partial disability, she was not prevented from performing all of the material acts constituting her usual and customary daily activities for a period of 90 days or more, and thus did not suffer a "serious injury" within the meaning of section 5102 (d). In response to the motion, plaintiff submitted only the conclusory affidavit of her attorney.

In opposing a motion for summary judgment "evidentiary proof in admissible form" demonstrating the existence of a factual issue sufficient to require a trial of the action must be produced and "mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" *(Zuckerman v City of New York,* 49 NY2d 557, 562). Since plaintiff failed to submit competent medical proof in admissible form to oppose the medical proof submitted by defendant, she failed to create a question of fact requiring determination by a jury *(see, Ferguson v Temmons,* 79 AD2d 1090). (Appeal from order of Supreme Court, Erie County, Francis, J.—summary judgment.) Present—Dillon, P. J., Callahan, Boomer, Green and Schnepp, JJ.