■ IRENE LOUGH, Respondent, v CITY OF SYRACUSE, Appellant. [594 NYS2d 947] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Defendant contends that Supreme Court erred in denying its motion for summary judgment dismissing plaintiff's complaint on the ground that plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d). In support of its motion, defendant submitted the affidavit of its medical expert, an orthopedic surgeon, who examined plaintiff and concluded that, as a result of her accident, plaintiff had sustained a temporary mild soft tissue injury and did not suffer from any serious limitation of the orthopedic system. Defendant also submitted portions of plaintiff's examination before trial wherein she indicated that she returned to work 84 days after the accident, whereupon she resumed doing her own shopping.

In response to defendant's motion, plaintiff's counsel submitted his affidavit alleging that plaintiff had sustained a serious injury in that she suffered a significant limitation of use of a body function or system or sustained a medically determined injury or impairment of a non-permanent nature that pre-

vented her from performing substantially all of her usual and customary activities for not less than 90 days during the 180 days after the accident. Those conclusions were based on reports of plaintiff's physicians and counsel's characterization of plaintiff's bill of particulars and examination before trial.

Because defendant presented evidence, including an affidavit from a medical expert, to establish its entitlement to summary judgment as a matter of law, it became plaintiff's burden to submit evidence in admissible form to establish that a triable issue of fact exists whether she suffered a serious injury within the meaning of Insurance Law § 5102 (d) *(see, Ferguson v Temmons,* 79 AD2d 1090, 1091). Because unsworn medical reports do not constitute proof in admissible form, plaintiff's submissions fail to raise a question of fact *(see, Grasso v Angerami,* 79 NY2d 813, 814, *affg* 173 AD2d 981; *Rohr v Hoyt,* 159 AD2d 980; *Ferguson v Temmons, supra).* Additionally, plaintiff's counsel's conclusory assertions are insufficient to satisfy plaintiff's burden to prove that she sustained a medically determined injury that prevented her from "performing substantially all of the material acts which constitute [her] usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury" (Insurance Law § 5102 [d]; *see, Ciaccio v J & R Home Improvements,* 149 AD2d 558, 559; *De Filippo v White,* 101 AD2d 801; *see generally, Licari v Elliott,* 57 NY2d 230, 236; *Crane v Richard,* 180 AD2d 706, 707).

Defendant's motion therefore is granted and the complaint dismissed. (Appeal from Order of Supreme Court, Onondaga County, Murphy, J.—Summary Judgment.) Present—Denman, P. J., Pine, Lawton, Fallon and Davis, JJ.