*Loca-Bik Ltee Transp., supra,* at 914). Finally, we reject the contention of defendant on its cross appeal that the record establishes as a matter of law that it breached no duty to plaintiff.

In light of our determination granting a new trial, we do not consider plaintiff's remaining contentions. (Appeals from Judgment of Supreme Court, Oneida County, Buckley, J.—Negligence.) Present—Green, J. P., Lawton, Pigott, Jr., Scudder and Balio, JJ.

■ DOROTHY MAXSON, Respondent, v ROBERT PACKER HOSPITAL, Appellant. (Appeal No. 1.) [689 NYS2d 920] —Appeal unanimously dismissed without costs (*see, Matter of Eric D.* [appeal No. 1], 162 AD2d 1051). (Appeal from Order of Supreme Court, Steuben County, Scudder, J.—Summary Judgment.) Present—Green, J. P., Lawton, Pigott, Jr., and Balio, JJ.

■ DOROTHY MAXSON, Respondent, v ROBERT PACKER HOSPITAL, Appellant. (Appeal No. 2.) [689 NYS2d 839] —Amended order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Plaintiff sustained injuries when she fell after failing to observe three steps leading from the upper level to the lower level of a patio area outside of defendant's building. She alleged that the stairway was constructed from material that reflected sunlight, making the patio appear to be all one level. Supreme Court erred in denying defendant's motion for summary judgment dismissing the complaint. Defendant established its entitlement to judgment as a matter of law by submitting the affidavit of an architect who opined that the stairway was not defective. He noted that the patio area was constructed of nonreflective, nonpolished granite with an abrasive surface and that the pattern of the stonework on the upper level of the patio was different from that on the stairs and the lower level. The burden then shifted to plaintiff, who failed to raise a triable issue of fact (*see, De Rossi v Golub Corp.,* 209 AD2d 911, 912, *lv denied* 85 NY2d 804). In opposition to the motion, plaintiff submitted only the affidavit of her attorney, which is of no probative value (*see, Vermette v Kenworth Truck Co.,* 68 NY2d 714, 717; *Lough v City of Syracuse,* 191 AD2d 1018, 1019). (Appeal from Amended Order of Supreme Court, Steuben County, Scudder, J.—Summary Judgment.) Present—Green, J. P., Lawton, Pigott, Jr., and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSH M. HICKS, Appellant. [689 NYS2d 921] —Judgment unanimously affirmed. Memorandum: Contrary to defendant's