◼ GINEZRA ASSOCIATES LLC, Appellant, v KOSTAS IFANTOPOULOS et al., Respondents. [895 NYS2d 355]—

Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered June 25, 2008, which denied plaintiff's motion for summary judgment and granted defendants' cross motion for summary judgment dismissing the complaint, unanimously modified, on the law, defendant Pillsbury's cross motion denied, the complaint reinstated as against her, and otherwise affirmed, without costs.

Plaintiff landlord seeks to evict defendants from one of the units in its building. The building in question is an "interim multiple dwelling" under the Loft Law (Multiple Dwelling Law § 281). Pillsbury rents the second- and third-floor lofts, each of which is self-contained, each having a kitchen and bathroom, as well as separate entrances to the street. She resides solely in the second-floor unit and has never occupied the third-floor loft.

When Pillsbury commenced her residency in the building, the third-floor loft was occupied by nonparty Avi Fima under a subtenant agreement with Pillsbury's predecessor. Without Pillsbury's knowledge, sometime prior to 1985 Fima vacated the third-floor loft and defendant Ifantopoulos moved in. Thereafter, Pillsbury became aware of Ifantopoulos's occupancy and he has been paying rent to Pillsbury for the third-floor loft since that time.

In 1996 plaintiff brought a holdover proceeding in Civil Court to recover possession of the third floor, contending that the third-floor loft was not Pillsbury's primary residence as she actually lived in the second floor area of the leased unit. That court, after doing an extensive analysis of the premises, including the configuration of the unit, and the existence of partitions, separate kitchens, bathrooms and entrances, dismissed the petition. The court held that pursuant to Real Property Law § 235-f, every residential rental agreement is construed to permit occupancy for the tenant, the tenant's immediate family and an additional occupant. The court specifically found that in this case, that additional occupant was Ifantopoulos and therefore, Pillsbury "resided" in the entire apartment, both second and third floors. Of note is the fact that Civil Court also found Pillsbury's lease permitted a subtenant, so in either case, Ifantopoulos' presence did not negate Pillsbury's occupancy of the entire premises pursuant to her lease. In denying plaintiff's motion for reargument, Civil Court held that plaintiff's claim of rent overcharging in the sublease required a different manner of proof that had not been presented. The Appellate Term affirmed Civil Court's dismissal of the petition, in a decision

replete with references to the arrangement between the defendants as a sublet or subtenancy.

Plaintiff commenced the instant action in 2007, again alleging that Pillsbury did not primarily reside on the third floor of the unit. However, in its motion for summary judgment, plaintiff argued, for the first time, that defendants had forfeited any right to the third floor because Pillsbury was engaged in rent overcharging. Pillsbury cross-moved to dismiss, arguing that in the 1996 action, the court ruled she and Ifantopoulos were roommates, that nothing had changed in the interim, and that the present action was barred by the doctrines of res judicata and collateral estoppel.

As related to this appeal, the IAS court denied plaintiff's motion for summary judgment and granted Pillsbury's motion to dismiss the complaint.

The doctrine of res judicata holds that a final judgment bars further actions between the same parties on either the same cause of action or any claim related to the same course of conduct, unless the requisite elements and proof required for the new claim "vary materially" from those of the claim in the prior action (*Lukowsky v Shalit*, 110 AD2d 563, 566 [1985]). Under the doctrine of collateral estoppel, issues of law and questions of fact necessarily decided by a court of competent jurisdiction remain binding upon the parties and those in privity with them in all subsequent litigation in which the same issues are material. A party asserting collateral estoppel must demonstrate that there is an identity of issue that has necessarily been decided in the prior action and is decisive of the present action, and that there must have been a full and fair opportunity to contest the decision now said to be controlling (*id.* at 567).

Here, the complaint asserts the identical claim based on identical facts as the 1996 action, i.e., that the subtenant's presence on the third floor means that the tenant does not live there. In the absence of any change in circumstances, preclusive effect should be given to the Appellate Term's determination that the tenant occupied the third-floor portion of the loft for purposes of primary residence. The IAS court thus properly dismissed that cause of action in the complaint on the basis of res judicata.

However, the IAS court also deemed the rent-overcharging claim, raised in plaintiff's motion for summary judgment, to be an amendment to plaintiff's complaint as an added cause of action. This is a different claim than the one based on primary residence (*see* Rent Stabilization Code [9 NYCRR] § 2524.3 [h]). Unlike the Civil Court in the 1996 action, the Appellate Term

did not make a finding that the parties herein were roommates. While finding that there was one leasehold for the two-floor unit, it also found that the "subletting of part of the space was always contemplated and permitted," and that the landlord could not "excise a portion of the leasehold for nonprimary residence purposes." Accordingly, the rent-profiteering cause of action is separate and distinct from the residence claim; it is not precluded by res judicata or collateral estoppel, and must be reinstated.

That being said, plaintiff's motion for summary judgment was properly denied. Plaintiff can only recover possession of the unit if it is established that tenant Pillsbury engaged in rent profiteering with respect to her sublease (*see BLF Realty Holding Corp. v Kasher*, 299 AD2d 87 [2002], *lv dismissed* 100 NY2d 535 [2003]). While it appears that Pillsbury charged her subtenant more than his proportionate share of the legal rent, the amount was not in excess of the legal rent. As a result, there is an issue of fact as to whether Pillsbury engaged in commercial exploitation or rent profiteering. Concur—Friedman, J.P., Sweeny, Freedman and Abdus-Salaam, JJ. **[Prior Case History: 2008 NY Slip Op 31769(U).]**