Sterling v Diaz (2024 NY Slip Op 51506(U))

[*1]

Sterling v Diaz

2024 NY Slip Op 51506(U)

Decided on November 6, 2024

Supreme Court, Bronx County

Howard-Algarin, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 6, 2024
Supreme Court, Bronx County

Nokia Sterling, Plaintiff,
against
Jose Diaz, and Walter Rivera, Defendants.

Index No. 804176/2023E 

Counsel for plaintiff Nokia Sterling: Joseph Stoduto Law, P.C.
Counsel for defendant Walter Rivera: Nicolini Paradise Ferretti & Sabella
Counsel for defendant Jose Humberto Diaz: Nicolini Paradise Ferretti & Sabella

John A. Howard-Algarin, J.

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of this motion for summary judgment: 
Papers NYSCEF Doc. No(s). 
Notice of Motion, Affirmation in Support, Statement of Material Facts, Exhibits Thereto 42-55 
In this motor vehicle negligence action, plaintiff, Nokia Sterling ("Plaintiff"), pursuant to CPLR §§ 3211 and 3212, seeks dismissal of the "second," "third," and "fourth" affirmative defenses based upon Article 51 of the Insurance Law and asserted in the answer of defendants, Walter Rivera and Jose Diaz ("Rivera" and "Diaz," collectively "Defendants"), arguing that they are inapplicable because he was the operator of a motorcycle at the time of the underlying accident. Defendants have not opposed. For the reasons set forth below, plaintiff's motion is denied.
Plaintiff's cause of action arises from personal injuries allegedly sustained on October 9, 2021, when a truck owned by Diaz and operated by Rivera came in contact with him as he was operating a moped in Bronx County, New York (NYSCEF Doc No 46). In support of the motion, [*2]among other things, plaintiff submits his deposition testimony wherein he testified that he and a passenger were riding his moped when Diaz made a right turn into plaintiff's path of travel causing the tortious contact here at issue (id. at 59:14-20).
Pertinent here, plaintiff seeks dismissal of defendants: second affirmative defense limiting plaintiff's recovery to the benefits and provisions of Article 51 of the Insurance Law; third affirmative defense barring plaintiff's causes of action under Article 51 of the Insurance Law; and, fourth affirmative defense placing upon plaintiff the burden of proving that he sustained a serious injury, as that term is defined in Insurance Law § 5102[d], in order to recover noneconomic damages. In short, plaintiff contends that his recovery herein is neither governed nor limited by Article 51 of the state Insurance Law because he was operating a "motorcycle" at the time of the accident (NYSCEF Doc No. 43 at ¶ 15).[FN1]

New York's no-fault regulations are found in Article 51 of the Insurance Law, titled the "Comprehensive Motor Vehicle Insurance Reparations Act" (Insurance Law § 5101). The no-fault regulations set forth a complex set of rules through which a "covered person" injured in a motor vehicle accident may avail himself of first-party insurance benefits (Ins. Law § 5102[j]). The statutory no-fault rubric was enacted to ensure "prompt compensation for losses incurred by accident victims without regard to fault or negligence, to reduce the burden on the courts and to provide substantial premium savings to New York motorists" (Viviane Etienne Medical Care P.C., v Country-Wide Ins. Co., 25 NY3d 498, 504-505 [2015]).
According to plaintiff, in addition to limiting his recovery of damages, defendants' affirmative defenses improperly place upon him the burden of proving that he sustained a serious injury. He claims that the defenses are inapplicable to the facts of this case and must be dismissed as a matter of law. In support of his contention that the vehicle he was driving is considered a motorcycle under the New York State "No-Fault" Insurance Law, plaintiff submits a New York Motor Vehicle No-Fault Insurance Law Denial of Claim Form (NYSCEF Doc No 53). In relevant part, the carrier's denial letter states that plaintiff:
do[es] not qualify for coverage as [he] do[es] not meet the definition of an Eligible Injured Person while occupying a motorcycle. Your claim for NY No-Fault benefits is respectfully denied (Id.).
From this plaintiff contends that defendants are collaterally estopped from subjecting him to the no-fault rubric, the application of which would further burden him with proving that he sustained a serious injury as that term is defined by Section 5102[d] of the Insurance Law. This Court disagrees. At the threshold, the judicial doctrine of collateral estoppel does not apply to prior determinations of a matter by a private corporation or concern (see, Ginezra Associates, LLC, v Ifantopoulos, 70 AD3d 427, 429 [1st Dept 2010][under the 'doctrine of collateral estoppel,' issues of law and questions of fact necessarily decided by a court of competent jurisdiction remain binding upon the parties and those in privity with them in all subsequent litigation in which the same issues are material"][emphasis provided]). Secondly, plaintiff overstates the general principle concerning motorcyclists and the no-fault rubric.
It is, indeed, well settled that motorcyclists injured in a vehicular accident are generally excluded from receiving first party benefits under New York's no-fault law (Ins. Law § 5103[a][1]; see Jung v Glover, 169 AD3d 782, 784-785 [2nd Dept 2019][stating that "plaintiff established, prima facie, that as a passenger of a motorcycle, she was not a covered person who was entitled to recover first-party benefits under the Insurance Law, and that the issue of whether she had sustained a serious injury was immaterial"]; Carbone v Visco, 115 AD2d 948 [4th Dept 1985]["Special Term properly denied defendants' motion for summary judgment to dismiss the complaint holding that the Insurance Law does not require that an injured motorcyclist sustain a 'serious injury' as a prerequisite for recovery for noneconomic loss resulting from a collision with a motor vehicle owned by defendant"]; but see, Simone v Streeben, 56 AD2d 237 [3rd Dept 1977][a motorcyclist in an accident with an automobile is required to prove a "serious injury" to recover damages]).
However, that is not the case for every type of vehicle that qualifies as a motorcycle under New York law. To be sure, the Vehicle and Traffic Law identifies three subsets of "limited use" motorcycles, at least one of which is entitled to first party benefits under no-fault law. In this regard, the statute defines a "limited use motorcycle" and classifies its subsets, as follows:
A limited use vehicle having only two or three wheels, with a seat or saddle for the operator. A limited use motorcycle having a maximum performance speed of more than thirty miles per hour but not more than forty miles per hour shall be a class A limited use motorcycle. A limited use motorcycle having a maximum performance speed of more than twenty miles per hour but not more than thirty miles per hour shall be a class B limited use motorcycle. A limited use motorcycle having a maximum performance speed of not more than twenty miles per hour shall be a class C limited use motorcycle (VTL § 121-b).
Significantly, courts have found that the operator of a class C limited use motorcycle is entitled to no-fault benefits in the absence of any other statutory preclusion of benefits (New Millennium Medical Imaging, P.C. v MVAIC, 61 Misc 3d 145(A) [Sup Ct, App Term NY 2018]; VTL § 2265[3]). (VTL §§ 123, 121-b; Ins. Law § 5102[m]). Therefore, regardless of whether plaintiff was denied no-fault benefits by defendants' insurance carrier, he might have been entitled to those benefits, and subject to the no-fault statutory rubric, if the motorcycle he was riding was a class C motorcycle (VTL §121-b).
Relevant in this regard is the fact that plaintiff refers to the motorcycle he was riding at the time of incident as a "moped" (NYSCEF Doc No. 43, Aff. in Supp. at ¶ 4; NYSCEF Doc No. 49, Plaintiff's EBT at 23:17-19).[FN2]
If that is true, and the vehicle fits the classification of a class C motorcycle, then plaintiff may have been entitled to first-party no-fault benefits and, consequently, subject to the remaining no-fault rubric including the requirement that he prove a "serious injury" to recover noneconomic damages. Stated otherwise, while plaintiff's vehicle may be considered a class of motorcycle under the Insurance and Vehicle Traffic laws, there is [*3]an issue of fact as to what "class" of motorcycle it is, as that classification affects whether the vehicle's operator is subject to the no-fault legislative rubric including the "serious injury" threshold.
Understood this way, upon this record, plaintiff is not entitled to have defendants' "second," "third" and "fourth" affirmative defenses, based upon Article 51 of the Insurance law, dismissed at this time (see In re Liquidation of Ideal Mut Ins Co, 140 AD2d 62, 67 [1st Dept 1988] [finding that "[t]he truth of the allegations must be assumed, and if under any view of the facts a defense is stated, the motion must be denied"]; see also Wells Fargo Bank, NA v Rios, 160 AD3d 912, 913 [2nd Dept 2018] [finding that "if there is any doubt as to the availability of a defense, it should not be dismissed").
Accordingly, it is hereby
ORDERED that plaintiff motion to dismiss defendants' "second," "third" and "fourth" affirmative defenses is DENIED; and it is further,
ORDERED that shall serve a copy of this Order with Notice of entry within 30 days of entry of this order.
The foregoing constitutes the Decision and Order of the Court.
Dated: November 6, 2024
HON. JOHN A. HOWARD-ALGARIN
J.S.C.

Footnotes

Footnote 1:As there was no opposition to this motion, there is no challenge to plaintiff's representation that he was operating a motorcycle as per VTL § 123, at the time of incident.

Footnote 2:Plaintiff struggled to recall any other details about the vehicle claiming that it did not belong to him (NYSCEF Doc No. 49 at 24:8-13).