**Mutual Redevelopment Houses, Inc. v Geller**

2025 NY Slip Op 31236(U)

April 10, 2025

Supreme Court, New York County

Docket Number: Index No. 154190/2019

Judge: Leslie A. Stroth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. LESLIE A. STROTH**                    PART            **12M**
_Justice_

-------------------------------------------------------------------X

MUTUAL REDEVELOPMENT HOUSES, INC.,

      Plaintiff,

     - v -

GEO GELLER, JOHN DOE, JANE DOE

      Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 154190/2019 |
| MOTION DATE | N/A |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141

were read on this motion to/for     SUMMARY JUDGMENT(AFTER JOINDER)  .

## FACTUAL BACKGROUND

This action arises from a dispute over possession of a cooperative apartment located within Mutual Redevelopment Houses, Inc. ("Mutual"), a housing cooperative in New York.[1] Defendant, Geo Geller, age 80, has resided in the apartment since 1993 (32 years). (NY St Cts Elec Filing [NYSCEF] Doc No. 10 at 3). Defendant's mother, Miriam Mercer, and aunt, Sonia Vrakus, were the initial recognized shareholders of the subject apartment dating back to 1962. (NYSCEF Doc No. 58). Vrakus had become the sole shareholder in 1982 after the death of Defendant's mother. (NYSCEF Doc No. 59). Defendant had resided with his aunt who was the

---

[1] Mutual is a Redevelopment Company Organized and operating pursuant to Article 5 of the Private Housing Finance Law of the State of New York. (NYSCEF Doc No. 2, ¶ 5). Units are limited equity co-ops maintained under the supervision of the New York City Department of Housing Preservation & Development (HPD). Note that the name of Mutual Redevelopment Houses is now known as "Penn South."

last recognized shareholder of record of the subject cooperative. (NYSCEF Doc No. 10 at 2). Mr. Geller was not only Varakus' nephew, but her caretaker. (Id. at 3). Varakus was admitted to a nursing home on January 6, 2003, and passed away on January 23, 2005. (NYSCEF Doc Nos. 10 at 2; 2 ¶ 8). Prior to his aunt's death, Defendant was granted succession rights to the subject apartment by HPD on December 22, 2004. (NYSCEF Doc No 10). The HPD decision outlined the method of acquiring succession rights reads, in pertinent part:

> "In order to be granted succession rights, Mr. Geller must also prove that he is a family member of the tenant according to Section 210 of the City Agreement. It appears that Mr. Geller is the tenant's nephew, but a nephew is not a family member according to Section 210 (a)(1) of the City Agreement. Thus, Mr. Geller must prove that he is a family member of the tenant through a shared financial and emotional commitment and interdependence pursuant to section 210 (a)(ii) of the City Agreement. … Based on the above, I find that the applicant, Geo Geller, has proved the necessary co-residency with the tenant, and that he is a family member of the tenant. Thus, I am granting the succession rights appeal." (Id. at 2-3).

Plaintiff now seeks an ejectment order, a declaratory judgment confirming its exclusive possession, and payment of past-due use and occupancy.

Several years after Mr. Geller was granted succession rights, Plaintiff required him to effectuate the transfer of shares for the apartment to himself to continue residing there by surrendering the apartment shares (which at the time Geller was granted succession rights were in his aunt's name and then owned by her estate), paying outstanding charges, and formally purchasing the unit as a successor transferee. (Id. ¶¶ 10-22). Plaintiff asserts that it provided Defendant with the necessary paperwork in 2010, yet by 2013, Defendant had failed to complete steps necessary to complete the transfer. (NYSCEF Doc No. 90, ¶¶ 42-45). Subsequently, Plaintiff filed a petition with the New York County Surrogate's Court to appoint the New York County Public Administrator to represent the estate of Sonia Vrakus (Mr. Geller's aunt). (Id. ¶

**154190/2019 MUTUAL REDEVELOPMENT HOUSES, vs. GELLER, GEO**
**Motion No. 003**

**Page 2 of 11**

2 of 11

[* 2]

18). In March 2015, the Public Administrator surrendered the apartment to Plaintiff. (NYSCEF Doc No. 79).

Defendant has continued to reside in the apartment. Plaintiff asserts that Defendant has made no payments for use and occupancy since at least May 2013. (NYSCEF Doc No. 54 ¶ 41). Defendant claims he attempted to make payments, but that Plaintiff would not accept them. Plaintiff contends that Defendant failed to comply with its established procedures. (NYSCEF Doc No. 90, ¶ 62). Plaintiff commenced this ejectment action in April 2019, seeking to remove Defendant from the premises and recover unpaid use and occupancy charges.

Several years of Defendant's occupancy in the subject premises passed before Plaintiff made any attempt to remove Defendant from the premises, which Defendant challenged. In a decision dated January 15, 2019, Housing Court Judge Clifton Nembhard dismissed Plaintiff's holdover proceeding. (NYSCEF Doc No. 83). In a prior order in Supreme Court, dated July 28, 2017 arising from, *inter alia*, Plaintiff herein challenging a 2009 stay of eviction in the Housing Court, Justice Manuel J. Mendez found that Defendant's right to succeed to the apartment had been extinguished upon his failure to complete the transfer process. (NYSCEF Doc No. 82).

Plaintiff now moves for summary judgment on all claims, arguing that Defendant has no legal right to remain in the apartment and owes significant arrears in use and occupancy. Defendant opposes, asserting various affirmative defenses, including laches, equitable estoppel, unclean hands, and offset. Additionally, Defendant moves for leave to amend his answer to assert a claim of adverse possession, arguing that he has continuously occupied the unit for an extended period of time and meets the requirements for adverse possession to apply.

Plaintiff contends that Defendant's motion to amend is untimely, coming nearly five years after the commencement of the action, and that Defendant has failed to establish the

**154190/2019   MUTUAL REDEVELOPMENT HOUSES, vs. GELLER, GEO**
**Motion No. 003**

Page 3 of 11

3 of 11

necessary elements of an adverse possession claim. Plaintiff also seeks to dismiss Defendant's affirmative defenses, arguing they are meritless and unsupported by law.

## DISCUSSION

### *Stay Due to Pending ERAP Decision*

The Court does not rule on the vacatur of any alleged stay based on the pending Emergency Rental Assistance Program (ERAP) application.[2] As a threshold matter, the Court finds that Defendant has not proved the existence of any ERAP application beyond a claim that an application was filed in 2022, and that Plaintiff has been the reason that the application has been unsuccessful. (NYSCEF Doc No. 123 ¶¶ 30-32). The Court therefore has insufficient information on which to base a decision as it has not been afforded sufficient proof of the existence of any such application or stay. The Court notes that until recently, Defendant was unrepresented.

### *Defendant's Motion for Leave to Amend to Add Adverse Possession*

Defendant moves for leave to amend his answer to include a claim of adverse possession. "Leave to amend the pleadings shall be freely given, provided that the amendment is not palpably insufficient, does not prejudice or surprise the opposing party, and is not patently devoid of merit. On a motion for leave to amend, the burden of establishing prejudice is on the party opposing the amendment. In this regard, the asserted prejudice must be more than the mere exposure of the [opponent] to greater liability and must indicate that the opponent has been hindered in the preparation of [its] case or has been prevented from taking some measure in

---

[2] Tenants are entitled to a stay of any eviction proceeding so long as there is a pending ERAP application pursuant to L. 2021, c. 56, Part BB, Subpart A, § 8, as amended by L. 2021, c. 417, Part A, § 4. Moreover, co-operative shareholders like Mr. Geller would be entitled to such a stay if such application existed. (*See Thomas Jefferson Owners Corp. v Lokshin*, 84 Misc 3d 549, 552 [Civ Ct 2024]; *Levitt v Tietz*, 81 Misc 3d 339, 349 [Sup Ct 2023]).

**154190/2019   MUTUAL REDEVELOPMENT HOUSES, vs. GELLER, GEO**
**Motion No.  003**                                                                                    **Page 4 of 11**

4 of 11

support of [its] position" (*Garafola v. Wing Inc.*, 139 A.D.3d 793 [2nd Dept 2016]). Moreover, the Court considers whether the claim is based on "facts that the plaintiffs had been aware of since prior to commencement of the action" and "excuse for their delay in seeking leave to amend the complaint." (*Morand v. Farmers New Century Ins. Co.*, 171 A.D.3d 1167 [2nd Dept 2019]).

Plaintiff was not previously represented by counsel; counsel first appeared in this matter on October 24, 2024, and moved to amend. As such the Court finds that a sufficient reason for delay in moving to amend exists. (NYSCEF Doc No. 123 ¶ 29). Courts generally liberally allow amendments for court filings when litigants filed such pro se. (*See Chauncey Equities, LLC v Murphy*, 62 Misc 3d 141(A) [App Term 2019]; *1068 Winthrop St. LLC v Zimmerman*, 65 Misc 3d 1107, 1110 [Civ Ct 2019]). Delay alone is insufficient to establish prejudice. (*Shine v Duncan Petroleum Transp., Inc.*, 60 NY2d 22, 26 [1983]). Plaintiff has not shown prejudice. Plaintiff cannot be surprised that Defendant would attempt to stay in his home of 32 years and avail himself of all available defenses.

The Court finds that adverse possession is relevant to this case and likely to have been filed as an affirmative defense had Defendant been initially represented by counsel. (NYSCEF Doc No. 122 at 20). "To establish a claim of adverse possession, the occupation of the property must be (1) hostile and under a claim of right (i.e., a reasonable basis for the belief that the subject property belongs to a particular party), (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous for the statutory period (at least 10 years)." (*Estate of Becker v Murtagh*, 19 NY3d 75, 81 [2012]).

Defendant's Proposed Amended Answer contains allegations relevant to each of those five elements, asserting that Defendant has been in possession for over 10 years, that such

**154190/2019 MUTUAL REDEVELOPMENT HOUSES, vs. GELLER, GEO**
**Motion No. 003**

**Page 5 of 11**

[* 5]

5 of 11

possession is hostile, that such possession is open and notorious, and that such possession is exclusive. (NYSCEF Doc No. 133 ¶¶ 131-137). As such the Court grants Defendant's motion to amend.

*Plaintiff's Motion for Summary Judgment*

Plaintiff moves for summary judgment on all three causes of action. To prevail on a motion for summary judgment, Plaintiff must establish its entitlement to judgment as a matter of law by demonstrating the absence of any material issue of fact. (*Brill v City of New York*, 2 NY3d 648, 651 [2004]).

**Ejectment**

To sustain an ejectment claim, Plaintiff must demonstrate: (1) ownership of an estate in tangible real property, (2) a present right to possession, and (3) unlawful possession by Defendant (*Jannace v. Nelson, L.P.*, 256 A.D.2d 385 [2nd Dept 1998]). Here, plaintiff has failed to meet its prima facie burden. The record presents triable issues of fact as to whether Defendant surrendered possession of the apartment, thereby potentially extinguishing any present or immediate right of possession claimed by plaintiff.

While Plaintiff relies on the order of Hon. Manuel J. Mendez, dated July 28, 2017, which states, *inter alia*, that Defendant's "right to succeed to the apartment was extinguished when he surrendered the apartment to MRH," that conclusion was not dispositive. (NYSCEF Doc No. 82), Notably, in the aforementioned subsequent decision dated January 15, 2019, the Hon. Clifton Nembhard of the New York City Housing Court dismissed Plaintiff's holdover proceeding against Mr. Geller. In that decision, the Court rejected Plaintiff's attempt to amend its pleadings to characterize Mr. Geller as a licensee, stating: "[Plaintiff's] contention that [Mr. Geller] would not be prejudiced or surprised by the amendment because he asserted that he was

**154190/2019  MUTUAL REDEVELOPMENT HOUSES, vs. GELLER, GEO**
**Motion No. 003**

**Page 6 of 11**

6 of 11

not a shareholder in his orders to show cause is unavailing. In fact, the opposite is true. [Mr. Geller] has repeatedly sought dismissal of the proceeding for, among other reasons, [Plaintiff's] mischaracterization of him" (NYSCEF Doc No. 83).

Indeed, Plaintiff concedes in its own submissions that "the Judge held that MRH's pleadings erroneously referring to Geller as a 'shareholder' was not subject to amendment, and the pleading defect warranted the dismissal of the holdover proceeding" (NYSCEF Doc No. 90 ¶ 51).

In the instant matter, six years since the Housing Court matter was dismissed, issues of fact remain as to whether Defendant is a shareholder or may become a shareholder. Moreover, as discussed above, the Court is unable to resolve the effect or status of any alleged ERAP application. Finally, as the Court is allowing Defendant to assert an affirmative defense for adverse possession, issues of fact remain outstanding as to each of the elements of such claim that Plaintiff has not been afforded the opportunity at this stage in the litigation to explore. These conflicting findings and unresolved factual issues preclude summary judgment on the ejectment claim.

**Declaratory Judgment and Use and Occupancy**

Plaintiff seeks a declaratory judgment establishing its exclusive rights to the subject premises. Plaintiff also seeks judgment for past-due use and occupancy from May 2013 to the commencement of the action, totaling $142,086.11. (NYSCEF Doc No. 85).

Plaintiff stated, *inter alia*, that "MRH sent the paperwork to Geller on January 5, 2010. By 2013, Geller still had not done what was required of him to effectuate the transfer. In 2013, MRH began the process of recovering exclusive possession of the apartment based on Geller's

**154190/2019   MUTUAL REDEVELOPMENT HOUSES, vs. GELLER, GEO**
**Motion No. 003**

**Page 7 of 11**

[* 7]

failure to effectuate the transfer" (NYSCEF Doc No. 90 at 41-43). To the contrary, according to Defendant's affidavit:

> "Plaintiff has yet to produce the bylaws which were in effect at that time of the transfer…Throughout this time, I made attempts to pay maintenance and use and occupancy to Plaintiff for the Premises. However, at several different times, Plaintiff refused to accept my payment, causing my arrears to grow. Notably, I had paid maintenance for the Premises through 2010 when MRH stopped accepting my payments" (NYSCEF Doc No. 123 ¶ 25).

Defendant also provided a letter by Allstate related to his HO-6 Condo Insurance dated November 13, 2023, stating that "The policy premiums have always been paid on time at each renewal. [Defendant's] current policy which will renew March 8, 2024 is paid and in good standing" (NYSCEF Doc No. 130).

As such, issues of fact remain as to whether Plaintiff has refused payment from Defendant. Moreover, as discussed above, issues of fact remain as to who has the superior possessory right to the unit, rendering any declaratory judgment inapt at this phase of litigation. If Defendant has no possessory rights, as Plaintiff claims, a question of fact remains as to whether and how much defendant owes for use and occupancy. Accordingly, Plaintiff's summary judgment motion for declaratory judgment and for use and occupancy must be denied as this court is unable to resolve the issues of fact at this time.

**Plaintiff's Motion to Dismiss Defendant's Affirmative Defenses**

In addition to moving for summary judgment, Plaintiff moves to dismiss Defendant's affirmative defenses pursuant to CPLR 3211(b). Defendant's first and sixth affirmative defenses which raise lack of jurisdiction and improper venue are dismissed. Defendant fails to provide any legal basis that jurisdiction lies solely with the Housing Preservation and Development (HPD) and this court clearly has jurisdiction as Defendant is a resident of New York and this court may

**154190/2019 MUTUAL REDEVELOPMENT HOUSES, vs. GELLER, GEO**
**Motion No. 003**

**Page 8 of 11**

8 of 11

[* 8]

hear any civil matter. (NY Const, art VI, § 7). The Court is also dismissing Defendant's fifth affirmative defense for res judicata, since defendant failed to demonstrate any prior final determination of plaintiff's causes of action (*see Ginezra Assoc. LLC, v. Ifantopoulos*, 70 AD3d 427 [1st Dept. 2020]). The ninth affirmative defense for failure to join parties is also denied since defendant failed to address such in its opposition.

As for the remaining affirmative defenses, an affirmative defense may be plead so long as they conform to the particularity requirements of CPLR 3013 and are allowed to be stated alternatively or hypothetically pursuant to CPLR 3014.

Defendant's seventh affirmative defense for failure to state a cause of action shall remain. This defense is permitted in an answer and does not prejudice Plaintiff (*Riland v. Frederick S. Todman & Co.*, 56 A.D.2d 350 [1977]).

Defendant's second affirmative defense for laches shall remain as well. The Court is unable to determine whether there was any unreasonable or inexcusable delay, as the issues raised in this action began around 2004.

Defendant's third, fourth, and eighth affirmative defenses for equitable estoppel, unclean hands, and offset shall remain as well. Equitable estoppel has three necessary elements, "(1) Conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently seeks to assert; (2) intention, or at least expectation, that such conduct will be acted upon by the other party; (3) and, in some situations, knowledge, actual or constructive, of the real facts" (*BWA Corp. v Alltrans Exp. U.S.A., Inc.*, 112 AD2d 850, 853 [1st Dept 1985] [internal quotation marks omitted]). Here, Defendant alleges that Plaintiff did not provide the necessary by-laws, amounting to a concealment of facts. This raises a triable

**154190/2019  MUTUAL REDEVELOPMENT HOUSES, vs. GELLER, GEO**
**Motion No. 003**

issue of fact as to whether such was provided, and as to any intent behind the alleged withholding of such. The same can be said for the affirmative defense of unclean hands. The affirmative defense of unclean hands is, "available where plaintiff is guilty of immoral or unconscionable conduct directly related to the subject matter and the party seeking to invoke the doctrine is injured by such conduct." (*Frymer v Bell*, 99 AD2d 91, 96 [1st Dept 1984]). Defendant's allegation that Plaintiff did not provide the by-laws as well as the allegation that Plaintiff refused payment from Defendant raises at least a triable issue of fact as to whether Plaintiff engaged in immoral conduct. For the same reasons, and for the additional reason that Defendant's ERAP application status remains unknown, offset is also applicable here, as the amount of alleged damage to Plaintiff remains unknown.

Defendant sufficiently alleges that plaintiff refused to accept payments and failed to provide necessary by-laws, raising factual issues precluding dismissal.

Finally, Defendant's tenth affirmative defense for frivolous litigation is not dismissed given that he has resided in these premises for 32 years without issue and Plaintiff waited many years to bring actions in the Housing Court and Supreme Court after the Housing Court already dismissed Plaintiff's eviction action against Defendant. At this juncture, the Court finds that dismissal is premature.

Accordingly; it is hereby

ORDERED that Defendant's motion for leave to amend its answer to assert a claim of adverse possession is granted; and it is further

ORDERED that Plaintiff's motion for summary judgment on its first, second, and third causes of action is denied; and it is further

**154190/2019  MUTUAL REDEVELOPMENT HOUSES, vs. GELLER, GEO**
**Motion No.  003**

**Page 10 of 11**

10 of 11

[* 10]

ORDERED that Plaintiff's motion to dismiss Defendant's affirmative defenses is granted in part and denied in part as set forth above.

The foregoing constitutes the decision and order of the Court.

4/10/2025
DATE

HON. LESLIE A. STROTH
J.S.C.

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**154190/2019   MUTUAL REDEVELOPMENT HOUSES, vs. GELLER, GEO**
**Motion No.  003**

[* 11]